ANSON CONGER *v.* ELIZABETH W. GRUENIG ET ALS.

(96 A2d 821)

February Term, 1953.

Present : SHERBURNE, C. J., JEFFORDS, CLEARY and CUSHING, JJ., and HUGHES, Supr. J.

Opinion Filed May 5, 1953.

*Miles & Ainsworth* for the defendants.

*Alban J. Parker* for the plaintiff.

CLEARY, J.   This is an action of contract on a special declaration. The defendants pleaded the general issue.   Trial was by jury with a verdict and judgment for the plaintiff against both defendants. The case is here on the exceptions of the defendants, jointly, and severally, to the admission of evidence and to the denial of their motion for a directed verdict.

Hattie M. Conger of Springfield died testate on November 17, 1950.   The plaintiff is her surviving husband and the defendants are her grandchildren, her sole heirs and the legatees under her will. The suit is predicated upon a claimed express agreement between the plaintiff and the defendant Mrs. Gruenig, made in the latter part of May 1951, whereby, in consideration that the defendants would turn over or cause to be turned over to the plaintiff one third of the selling price of the house owned by the testatrix and occupied by her and the plaintiff at the time of her death, the plaintiff forebore the filing of a waiver of the terms of his wife's will.   The value of the estate for distribution, after payment of expenses and the specific bequest of $3000 willed to the plaintiff, but before payment of the transfer and inheritance taxes of $144.08, is $23,235.02 so that the share of each defendant under the will is roughly $12,500.

The defendants excepted to the admission in evidence of Exhibit 1, a power of attorney to the defendant Mrs. Gruenig from defendant Whaley dated January 15, 1951, because it was immaterial and did not give her authority to enter into or bind Whaley by any such contract as claimed by the plaintiff.   The language of the instrument, so far as material here, is as follows:

> "WHEREAS I desire my sister, BETTY WHALEY GRUENIG, to act for me and in my name, place, and stead in the settlement of the estate of my grandmother above-named, now therefore for me and in my name, I do hereby appoint my sister BETTY WHALEY GRUENIG as my true and law-

ful attorney in fact to act for me in the settlement of the estate of my grandmother, above-named, to ask, demand, sue for, recover, and receive of and from the administrator or administrators of my said deceased grandmother, all my distributive share of her, my said deceased grandmother's, personal estate and effects to which I am, by law or otherwise, entitled, as one of her next of kin, under the statutes for distribution of personal effects of intestates and upon receipt thereof, for me and in my name, to give good and effectual releases and discharges to the administrator or administrators of my said deceased grandmother, and also for me and in my name and to my use to settle and adjust with the said administrator or administrators any acts, agreements, or compositions in, about, or concerning my said distributive share or other matter or things in relation thereto, and all and whatsoever my said attorney shall lawfully do or cause to be done in or about the premises I do hereby ratify and confirm."

When an agent is given special and limited authority he is bound to pursue it strictly. He cannot bind his principal in any act not warranted by the express authority delegated to him and what is necessarily incident thereto, that he may perform the act to which his agency applies. If the agent exceeds his authority, the principal is not bound and the contract, as to him, is void. A person dealing with such an agent is bound at his peril to know the extent of the agent's authority and is chargeable with knowledge of the limitation of the authority. *White* v. *Langdon,* 30 Vt 599, 602; *Goodrich* v. *Tracy,* 43 Vt 314, 320; *Riley* v. *Wheeler,* 44 Vt 189, 194; *Cleveland* v. *Pearl & Co.,* 63 Vt 127, 131, 21 A 261; *Ferguson* v. *Phoenix Mut. Life Ins. Co.,* 84 Vt 350, 361, 79 A 997, 35 LRANS 844; *Vt. Marble Co.* v. *Mead & Eastman,* 85 Vt 20, 28, 80 A 852. Here Mrs. Gruenig's authority was special and limited. She was authorized to act for her brother in the settlement of his grandmother's estate and to ask, demand, sue for, recover, receive, settle and adjust with the administrator of the estate. She had no authority, as Whaley's agent, to contract with the plaintiff and the contract claimed by the plaintiff was not necessarily incident to the authority Whaley had given her.

The plaintiff's declaration alleged that Mrs. Gruenig was attorney in fact for the defendant Whaley as to all matters of his interest having to do with the estate by virtue of the offered exhibit so it was material to that issue. But it did not bind Whaley to the contract claimed by the plaintiff. There was no other evidence to connect Whaley with the contract so it was error to deny his motion for a directed verdict.

In passing upon the defendants' motion for a directed verdict the evidence must be taken in the light most favorable to the plaintiff and the ruling of the trial court sustained if the evidence, so viewed, fairly and reasonably tends to support the verdict. The effect of modifying evidence is to be excluded. *Hill* v. *Stringer,* 116 Vt 296, 299, 75 A2d 657; *Dupee* v. *Haynes Brothers, Inc.,* 116 Vt 371, 372, 76 A2d 546; *Silveira* v. *Croft,* 116 Vt 420, 421, 77 A2d 911; *Frenier* v. *Brown,* 116 Vt 538, 540, 80 A2d 524.

The defendants have briefed three grounds of their motion for a directed verdict.

The first ground of the motion is that the action was prematurely brought because the writ is dated January 28, 1952, the decree of distribution of the estate is dated January 26, 1952, and the administrator could not safely have distributed the estate until after the time allowed by statute for the taking of an appeal from the decree of distribution had expired. The house belonging to the estate was sold about the middle of September, 1951, and, on the evidence, the jury acting reasonably could have found that the plaintiff was to be paid one third of the proceeds when the house was sold. So it cannot properly be said that the action was prematurely brought. The first ground of the motion was properly denied.

The next ground of the motion is that no express or implied promise was made by either defendant. It is a general rule of construction of contracts that the language and acts of a party are to receive such a construction as at the time he supposed the other party would give to them, or such a construction as the other party was fairly justified in giving to them. *Gunnison* v. *Bancroft,* 11 Vt 490, 493; *Ballard* v. *Burton,* 64 Vt 387, 390, 24 A 769, 16 LRA 664; *Rowell* v. *Estate of Lewis,* 72 Vt 163, 166, 47 A 783; *Taplin & Rowell* v. *Clark,* 89 Vt 226, 229, 95 A 491; *Pocket* v. *Almon et ux,* 90 Vt 10, 15, 96 A 421; *Conti* v. *Johnson & Mann,* 91 Vt 467, 471, 100 A 874; *Potter* v. *Crawford,* 106 Vt 517, 521, 175 A 229; *Right*

*Printing Co. Inc.* v. *Stevens,* 107 Vt 359, 365, 179 A 209, 100 ALR 528. On the evidence the jury acting reasonably could have found as follows : that Mrs. Gruenig promised to give the plaintiff one third of the sale price of the house belonging to the estate when it was sold ; that the plaintiff promised her if she did so he would accept that amount, in addition to the $3,000 bequeathed to him in the will, in full settlement of his share in the estate and would not file a waiver of the provisions of the will; that the plaintiff relied on Mrs. Gruenig's promise ; that he did not file a waiver of the provisions of the will ; that the house was sold for $13,000 ; that Mrs Gruenig did not give the plaintiff any of the proceeds of the sale ; and that the plaintiff would have been entitled to receive considerably more than one third of the selling price of the house, in addition to the $3,000 which he received under the terms of the will, had he waived the provisions of the will. On the evidence presented the plaintiff was justified in relying on the language of Mrs. Gruenig. Her motion for a directed verdict was properly denied.

We have already disposed of the last ground of the motion which related to the liability of defendant Whaley. *Judgment against defendant Gruenig affirmed. Judgment against defendant Whaley reversed and judgment for the defendant Whaley to recover his costs.*