**In re David Ernest RAYMOND, Debtor.**

**An Unnumbered Bankruptcy Saga.**

United States Bankruptcy Court,
E. D. Virginia,
Norfolk Division.

July 29, 1981.

Ronald J. Berg, Virginia Beach, Va., for applicant.

John E. Robins, Jr., Norfolk, Va., Asst. U. S. Trustee.

### MEMORANDUM OPINION

HAL J. BONNEY, Jr., Bankruptcy Judge.

When Godfrey Marks penned that rousing popular nautical chorus

"Sailing, sailing over the bounding main
For many a stormy wind shall blow
"Ere Jack comes home again,"

he never considered that the stormy wind to which he referred might not be tempestuous billows or stormy blasts but bankruptcy. Alas!

Jack is David Ernest Raymond of the United States Navy aboard the USS America (CV66). His wife is Susan Lucille known to the Court as debtor 81–00831–N. Interestingly, she also seeks to file Jack's bankruptcy petition by virtue of his *power of attorney* which she holds.

There is an issue. May [or is it can?] one file bankruptcy for another under a power of attorney which one holds?

There is an answer. No.

Jack is out to sea and shall not return to port for several months. The couple's "severe financial situation," the application says, requires immediate relief.

An appeal has been encouraged, something we do not always do. It is hoped that an appellate court will consider the issue head on and simply answer the issue rather than suggest alternatives.

There are alternatives and they usually suffice. Unfortunately, these fellows with "severe financial situations" run into the lawyer's office just as the ship is leaving Pier 12 for an extended cruise rather than anticipating their needs. They expect miracles; we dispense few. We are not very good at it.

The alternatives are utilization of the Soldiers' and Sailors' Relief Act in state courts to forestall creditors. Or they sign

the bankruptcy papers just before going up the gangplank, but the Court dismisses the petition without prejudice preserving the right to reopen the case, without payment of additional fee, when the petitioner is available to perform the duties incumbent upon a debtor. *In re Ehly*, 75–391–N. Or if the fellow is already on the bounding main, the attorney will prepare the papers and send them to the ship there to be executed and returned.

But these alternatives won't work here and we must face the issue as to whether or not one might find authority to use a power of attorney for these purposes. Jack is away, cannot be easily reached and his wife wishes to do this for him.

The power of attorney before us is a typical, well-drafted, general one regularly utilized by service personnel. There is no mistake about it, it bestows many a power. The missus can dispose of, collect, endorse, borrow and on and on. The document is shocking and one wonders why anyone would sign such a far-reaching thing. It reposes a lot of trust.

The use of powers of attorney is a part of the law of agency. Virginia does not require that they be recorded, but it is permissible. Code of Virginia [as amended] § 55–107. Indeed, a power of attorney is to be strictly construed. 3 Am.Jur.2d, Agency § 28. *Marion v. Spence*, 155 Va. 51, 154 S.E. 488 (1930).

Obviously, agency law obtains, but it is not all that crucial here, as noted below, and we shall not lengthen an opinion by reciting it all for no good purpose. One certainly has the power to constitute another as his attorney, and one has the power to exercise the power. No question about it and we do not quarrel with it.

But does it extend to such a *personal* act as taking bankruptcy status? The Court thinks not.

Bankruptcy is a personal exercise of a privilege and due to the seriousness of it, it may not be exercised by another. Can one exercise a power of attorney

1—to enlist another in the armed forces,

2—to exercise the franchise for another,

3—to file for divorce for another,

4—to offer for office for another, or

5—to enter into a personal employment contract for another?

No! There is a difference between exercising the power granted to sell land or dispose of property and exercising a very personal, psychic act. There is indeed a limit as to what might be done by power of attorney.

Is bankruptcy such a personal thing? I think it is. It is not an administrative procedure that one seeks before a federal agency. It is a judicial process. 1 Collier on Bankruptcy [14th Ed.] §§ 1.09, 1.10. But I have found in no single place a better exposition of what bankruptcy is than the First volume of Remington On Bankruptcy [Fifth Ed.].

Bankruptcy is a serious step; it holds its stigmas still. It is a unique judicial process where one is laid bare, financially. And remember this—it results in a court record for future employers, creditors, friends, relatives and the public to see. Would you grant a security clearance to one who cannot manage his financial affairs and files bankruptcy? I only ask the question. Some would and some would not.

We perceive bankruptcy to be a very personal matter which only the individual can voluntarily exercise.

The law? There is none. A Third Circuit case, *In re Paul A. Closkey, Inc.*, 391 F.2d 919 (1968), would permit creditors use of the power of attorney in involuntary cases, but it truly does not come to grips with our issue. *Eitel v. Schmidlapp*, 459 F.2d 609 (4th Cir. 1972), while it does not touch upon bankruptcy, is an excellent case on the law of principal and agent.

Too, one feels compelled to cite *U. S. v. Kras*, 409 U.S. 434, 93 S.Ct. 631, 34 L.Ed.2d 626 (1973), for the proposition that bankruptcy is not a right and it carries with it certain obligations. No pay, no go. A fortiori, no show, no go.

The application for authority for the wife to exercise the power of attorney and file bankruptcy for her husband is hereby denied.

Much ado about nothing? That possibility has rung in our ears throughout the writing of this wisdom. Some would say what difference does it make. Others would say he is but one of hundreds of thousands and what difference does it make. Still others would say that the poor fellow needs help, give it to him. What difference does it make.

I grant that were this judge flown to the USS America to question Jack, he would readily endorse his wife's filing of bankruptcy for him. We detest, utterly detest, a dot the i's and cross the t's approach. Rigidity of the system is to be avoided and we are usually to be found in that camp.

However, we stick by our guns on two grounds. Use of the power for this purpose could open you know whose box. Relative to service personnel, we see all too frequently the abuse of the power in other respects while Jack is away. It is, frequently, a tool for insolvency. If allowed here, it will be misused.

Secondly, it is a deep personal action which only the individual should make. We must keep it that way, purely. This crucial step he must take himself.

IT IS SO ORDERED.