**In re Joseph D. SULLIVAN, Debtor.**

**Bankruptcy No. 82–04323G.**

United States Bankruptcy Court,
E.D. Pennsylvania.

June 23, 1983.

---

Andrew N. Schwartz, Philadelphia, Pa., for the debtor, Joseph D. Sullivan.

Samuel M. Brodsky, Philadelphia, Pa., interim trustee.

Samuel B. Chavenson, Deputy Clerk—Estate Administration United States Bankruptcy Court, Philadelphia, Pa.

## MEMORANDUM OPINION

EMIL F. GOLDHABER, Bankruptcy Judge:

The debtor is a Monk. While his place of residence is in this district, he has been assigned by his Order to serve in Holland, where he now resides. His brother testified that, in all likelihood, he will not return to the United States for another five years.

As a result of his ownership of a piece of real estate in Philadelphia, he found himself in financial difficulties. Accordingly, on March 16, 1982, he executed a limited power of attorney to his brother William "for the property of 5033 N. 5th Street, Phila., Pa., for the purpose of sale or rental unto (sic) his discretion." Unable to extricate his brother from his financial plight, William filed a petition for relief under chapter 7 of the Bankruptcy Code on behalf of his brother (the debtor) on September 13, 1982. Of course, he had no legal authority to do so in light of the limited powers vested in him by the power of attorney: See *In re Raymond,* 12 B.R. 906 (Bkrtcy.E.D.Va.1981).

But on November 4, 1982, the debtor amended his earlier Power of Attorney by giving his brother the right to file "personal bankruptcy for me and my estate, with the same powers, and to all intents and purposes with the same validity as I could, if personally present, hereby ratifying and continuing whatsoever my said attorney has previously to this day done on my behalf ..." This writing had the effect of validating the heretofore invalid petition for relief.

This brings us to the basic questions: Whether the debtor's brother, who filed the petition on the debtor's behalf, can appear in the debtor's stead, at the 341 meeting and be interrogated (in lieu of the questioning of the debtor). We rule that he may. Rule 205(b) provides that:

> At the first meeting of creditors, the court shall publicly examine the bankrupt
> . . .

Since the debtor's amended power of attorney vests in his brother the power to file the petition on the debtor's behalf, and to do, in connection therewith, all of the acts which the debtor could do as if "he was personally present," we have no doubt that this includes the examination at the 341 meeting.

The question of the brother appearing, in lieu of the debtor, at the discharge hearing, has already been adequately adjudicated. In *In re Killett,* 2 B.R. 273 (Bkrtcy.E.D.Va. 1980), the court ruled that:

> A few situations may, in urgency, require individual remedies. The Bankruptcy Court is still a court of equity.

2 B.R. at 275 citing 28 U.S.C. § 1481. *In Killett,* the debtor, a member of the United States Air Force, had been sent to England pursuant to orders. The court ruled that he need not attend the discharge

hearing in person. We envision no difference between that debtor and the debtor in the case at bench.

When we originally ruled on the issue before us, denying the debtor's application, many of the facts which are now before us as a result of an evidentiary hearing, were unknown to us. Accordingly, we have no hesitancy in reconsidering and vacating our order of May 12, 1983.