**In re William R. SMITH, Anna M. Smith, Petitioners.**

**Bankruptcy No. 90-39004.**

United States Bankruptcy Court, E.D. Virginia, Richmond Division.

May 30, 1990.

William G. Dade, Fredericksburg, Va., for petitioners.

## MEMORANDUM OPINION

BLACKWELL N. SHELLEY, Bankruptcy Judge.

This matter comes before the Court upon the motion of William R. Smith and Anna M. Smith ("petitioners") for judicial review of their bankruptcy petition, lodged in this Court. The Court denies the motion to permit Mr. Smith to file the petition through his wife by virtue of a power of attorney which the wife holds, but such denial is without prejudice to Mr. Smith's right to refile by a duly appointed guardian.

## FINDINGS OF FACT

For the purposes of this opinion, the Court accepts as true the facts as presented in the debtors' motion for judicial review. An evidentiary hearing was not held in this matter, as Local Rule 107(F) does not require that an evidentiary hearing be conducted prior to judicial review of a lodged pleading.

On May 17, 1990, the Petitioners filed a motion for review of their joint Chapter 7 bankruptcy petition. The petition had previously been rejected by the Clerk's office, as Mrs. Smith had signed the petition on behalf of her physically incapacitated husband, Mr. Smith. The Local Rules require that bankruptcy petitions include an unsworn declaration with the signature of all

debtors. Local Rule 107(D)(1). Mrs. Smith had signed her husband's name as an attorney-in-fact under a power of attorney created by Mr. Smith under the laws of North Carolina, the petitioners' former domicile. According to the petitioners' motion, Mr. Smith is physically unable to sign his name and unable to leave his home. The Court is unaware of the exact nature of Mr. Smith's disability.

## CONCLUSIONS OF LAW

The case law in this district precludes Mr. Smith from filing bankruptcy through his wife by virtue of her power of attorney. *In re Raymond,* 12 B.R. 906 (Bankr.E.D. Va.1981). In *Raymond,* the bankruptcy court considered a case where a sailor had created a power of attorney in his wife to conduct the couple's affairs while he was on a cruise. Pursuant to this power, the wife sought to file a joint bankruptcy case on behalf of herself and her husband, as the husband was on a cruise and was unable to sign the petition. The bankruptcy court denied the wife's motion to file the petition, reasoning that the use of a power of attorney in this fashion would lead to an abuse of the procedure and that the filing of bankruptcy is a personal action which the individual should make. *Raymond,* 12 B.R. at 908. *But see In re Sullivan,* 30 B.R. 781, 782 (Bankr.E.D.Pa.1983) (person holding power of attorney may file on debtor's behalf where instrument creating power specifically entitles holder of power to file bankruptcy on debtor's behalf).

However, this is not to say that a person under a disability may never file bankruptcy. The prevailing authority, sparse though it may be, permits a person under a disability to file bankruptcy through a guardian or next friend. *In re Zawisza,* 73 B.R. 929, 933 (Bankr.E.D.Pa.1987) (either guardian or next friend); *In re Kirschner,* 46 B.R. 583, 584 n. 1 (Bankr.E.D.N.Y.1985) (guardian); *In re Clinton,* 41 F.2d 749, 750–51 (D.Cal.1930) (guardian). *Contra In re Eisenberg,* 117 F. 786 (S.D.N.Y.1902). Such a court-appointed guardian is entitled to file a bankruptcy petition on behalf of a legally incapacitated person, provided the order appointing the guardian authorizes the guardian to file bankruptcy on the debtor's behalf. *Kirschner,* 46 B.R. at 584; *Clinton,* 41 F.2d at 750.

The applicable Virginia law, as set forth in the Virginia Code, does not conflict with the Federal law. Pursuant to § 37.1–132 of the Virginia Code, a guardian may be appointed for any person who is incapable of conducting his affairs on account of health reasons. Va.Code Ann. § 37.1–132 (Supp.1989). According to this provision, the state court order appointing the guardian shall, *inter alia,* "define the powers and duties of the guardian so as to permit the incapacitated person to care for himself and manage his property to the extent that he is capable...." This provision specifically permits a state court to tailor the order appointing a guardian to fit special circumstances, possibly including the filing of bankruptcy on behalf of the debtor. Moreover, a guardian appointed pursuant to § 37.1–132 has the authority to prosecute and defend all actions to which the person under disability is a party at the time of appointment, or any suits subsequently instigated. Va.Code Ann. § 37.1–141 (1980). Guided by the principi· s established by the prevailing authority, *Zawisza et seq.* cited *supra.,* the Court believes that a guardian having specific authorization may file bankruptcy on Mr. Smith's behalf.

Therefore, the Court denies the petitioners' request to permit Mr. Smith to file his bankruptcy petition through his wife by virtue of her power of attorney. Nothing herein shall preclude Mr. Smith from filing his petition by means of a court-appointed guardian having specific authorization to file bankruptcy on his behalf.