**Connie J. WEKELL, fka Connie J. Allotta, Plaintiff–Appellant,**

v.

**UNITED STATES of America, Defendant–Appellee.**

No. 92–36514.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 13, 1993.

Decided Jan. 11, 1994.

Arthur H. Boelter, Boelter & Gale, Seattle, WA, for plaintiff-appellant.

Janice B. Geier, Patricia M. Bowman, Gary D. Gray, Gary R. Allen, Berry Heatley, U.S. Dept. of Justice, Tax Div., Washington, DC, for defendant-appellee.

Before GOODWIN, CANBY and KOZINSKI, Circuit Judges.

KOZINSKI, Circuit Judge:

Connie J. Wekell, formerly Mrs. Allotta, brought this action pursuant to 28 U.S.C. § 2410 seeking to remove a federal tax lien. She claims that the statute of limitations on collection of the tax had expired. The IRS counters that the statute was tolled by the Bankruptcy Code's automatic stay, 11 U.S.C. § 362(a), making the lien timely.

Many of the facts Ms. Wekell raises in support of her claim are sad but irrelevant. She married Samuel Allotta, an attorney, in 1974. She alleges he treated her shabbily: He threatened and intimidated her; he forced her to sign income tax returns but refused to show her what was in them. He also failed to pay taxes on a lot of community income, making his wife equally liable for them.

In 1976, the couple acquired the residence that's the subject of the disputed lien. Some years later, they separated and she kept the house. Before they were ultimately divorced in 1987, however, Mr. Allotta filed for bankruptcy in both their names. It is unclear whether the unnotarized power of attorney Mr. Allotta had extracted from his wife authorized him to file for bankruptcy on her behalf without obtaining her specific consent. *Compare In re Raymond*, 12 B.R. 906 (Bankr.E.D.Va.1981) (general power of attorney does not authorize wife to file bankruptcy petition for husband), *with In re Ballard*, 15 Bankr.Ct.Dec. (CRR) 1328, 1987 WL 191320 (Bankr.N.D.Cal.1987) (general power of attorney sufficient for wife to file bankruptcy petition on husband's behalf). We assume, without deciding, that the power of attorney was not adequate, and we accept, for purposes of our analysis, Ms. Wekell's protest that she did not otherwise consent. Thus, the question we must confront is whether the Bankruptcy Code's automatic stay goes into effect when the filing of the petition is ultra vires.

We conclude that it does. Whether, and to what extent, the signatures on bankruptcy petitions are authorized by the purported debtor is not self-evident. A claim that the filer was not the debtor, or was not authorized to act on behalf of the debtor, can be resolved only by means of an evidentiary hearing. Recognizing the debtor's name on a bankruptcy court docket sheet or in the caption of a bankruptcy court order, on the other hand, is a simple matter—one that any would-be-creditor can resolve on his own. Having recognized the debtor's name, a creditor is bound to treat the stay as in effect and, conversely, is entitled to count on it, unless and until the case caption is changed or relief from the stay is otherwise granted.

Because the automatic stay sweeps so broadly, the Bankruptcy Code provides a relatively simple procedure for resolving any disputes as to its effectiveness: a relief-from-stay hearing pursuant to 11 U.S.C. § 362(d). A creditor who believes that the stay should not be in effect for any reason—including that the bankruptcy filing is ultra vires or a sham, *see In re Arnold*, 806 F.2d 937, 939 (9th Cir.1986)—can take advantage of this procedure. The bankruptcy court is then in a position to consider the available evidence and grant relief if appropriate.

Often, however, the creditors will have no reason to doubt the bona fides of the bankruptcy filing; the facts casting doubt on the validity of the petition (as in this case) will be within the peculiar knowledge of the principals. If such latent defects could undermine the validity of the stay, creditors would be put in a difficult position. On the one hand, they could bring an action to enforce their claim and risk violating what turns out to be a valid stay; on the other hand, they could

withhold enforcement of their claim and risk the running of the statute of limitations if it turns out the stay was ineffective. To be safe, creditors would be required to litigate the validity of the bankruptcy petition by bringing a relief-from-stay motion, even in the overwhelming majority of cases where there was no cause to doubt that validity.

■ We see no reason to impose this burden on creditors, debtors and the bankruptcy courts. The simple rule is also the fairest: So long as a person is listed as a debtor in a bankruptcy petition, everyone involved is entitled to count on the automatic stay. To the extent the stay tolls the statute of limitations on collection of certain debts, it will do so until the petition is dismissed, the case caption is changed or the bankruptcy court grants relief from the stay.

Although counsel for Ms. Wekell has referred to an attempt to remove her name from the case, this was not, in fact, accomplished. The IRS did not obtain a relief from stay; nor was it required to, *In re Hunters Run Ltd. Partnership*, 875 F.2d 1425, 1428 (9th Cir.1989). Hence, it was bound by the stay (and entitled to count on it) until the stay was lifted 19 months later. Pursuant to 26 U.S.C. § 6503(h), the statute of limitations on collection of IRS debts against Ms. Wekell was therefore extended by the length of the stay plus 6 months. Since the time for collecting the tax from Ms. Wekell did not expire until December 11, 1988—more than a month after the IRS gave notice of intent to levy on her house—the levy was timely.

**AFFIRMED.**