**In re Robyn M. MORGAN, Debtor.**

**Bankruptcy No. 95–30725.**

United States Bankruptcy Court,
S.D. New York.

May 17, 1995.

Robyn M. Morgan, Rock Tavern, NY, pro se.

Mark R. Knuckles, Robert J. Hecker & Associates, P.C., White Plains, NY, for Sec. Pacific Nat. Bank, Mortgagee.

Jeffrey L. Sapir, Chapter 13 Trustee, White Plains, NY.

David E. Levine, Croton–On–Hudson, NY, for John F. Reed and Augustus, Rae & Reed, Partnership.

## DECISION DISMISSING "VOLUNTARY" CASE FOR LACK OF JURISDICTION

JEREMIAH E. BERK, Bankruptcy Judge.

This so-called "voluntary" Chapter 13 case was filed on April 4, 1995. First mortgagee, Security Pacific National Bank, moves to annul the automatic stay and ratify its postpetition foreclosure sale. The Chapter 13 trustee moves to dismiss the case for failure to file a plan.

During the preliminary hearing, the purported "debtor," Robyn M. Morgan, testified that the bankruptcy petition was prepared, signed and filed without her knowledge or consent and that she did not learn of it until after the case had been commenced. She testified that she never intended to file for bankruptcy protection, did not authorize the bankruptcy filing, did not want bankruptcy relief and was distressed that a petition had been filed on her behalf without her permission.

Before ruling on mortgagee's motion to annul the automatic stay and trustee's motion to dismiss the case, this Court must first determine if it has jurisdiction—that is, the authority to decide issues in the bankruptcy case and the power to bind the debtor and others to its rulings.[1]

■ There are only two methods by which a bankruptcy case can be commenced. A debtor may file a voluntary petition, or creditor(s) may file an involuntary petition. 11 U.S.C. §§ 301, 303. Here, neither was filed. Thus, the case was not properly commenced.

---

1. In considering a jurisdictional question, a court always has limited jurisdiction to determine whether it has jurisdiction. 1 Lawrence P. King, *Collier on Bankruptcy* ¶ 3.01, at 3–53 (15th ed. 1995); Perry Dane, *Jurisdictionality, Time, and the Legal Imagination*, 23 Hofstra L.Rev. 1, 34 (1994).

■ The Chapter 13 petition was prepared and filed by John F. Reed, a member of Augustus, Rae & Reed, a non-lawyer partnership doing business as "Negotiated Settlement Services" of Poughkeepsie, N.Y., an apparent "bankruptcy petition preparer." [2] Mr. Reed admits signing Ms. Morgan's name to the petition in expectation of obtaining her consent to bankruptcy after it had been filed. By filing the petition in a hasty attempt to stay the foreclosure sale of her residence, he claims to have acted pursuant to a "power of attorney" signed by her on January 19, 1995.

■ This unnotarized document,[3] styled "Retainer, Agency and Power of Attorney Appointment," purports to authorize Mr. Reed and his firm to negotiate settlement of creditors' claims and to "assist in the preparation of documentation to be filed by client(s) for the purpose of countering claims, as may be requested by client(s)." Nowhere does it authorize a bankruptcy filing for the "client."

This bankruptcy filing was neither authorized nor intended. As such, it could not have been "voluntary." It is, therefore, a legal nullity and void *ab initio*. *In re Brown*, 163 B.R. 596 (Bankr.N.D.Fla.1993) (case dismissed as a legal nullity as petition was signed by someone other than the debtor without any showing that the signature was made in a representative capacity); *In re Harrison*, 158 B.R. 246 (Bankr.M.D.Fla.1993) (same). *But see Wekell v. United States*, 14 F.3d 32 (9th Cir.1994) (automatic stay applicable even though petition was filed by someone lacking authority to file for the debtor).

"Bankruptcy is a personal exercise of a privilege and due to the seriousness of it, it may not be exercised by another.... We perceive bankruptcy to be a very personal matter which only the individual can voluntarily exercise." *In re Raymond*, 12 B.R. 906, 907 (Bankr.E.D.Va.1981). Simply put, voluntariness is the essence of a voluntary case and implies a personal, present intent to seek bankruptcy relief. Ms. Morgan lacked such intent.

■ There is not now, nor has there been, a proper bankruptcy case by this debtor before this Court. Without a case, there can be no jurisdiction. 28 U.S.C. § 1334. Accordingly, the automatic stay in bankruptcy never arose, and the post-petition foreclosure sale was not stayed. Thus, the mortgagee's motion to annul the automatic stay and the trustee's motion to dismiss the case are moot.

This "case" is dismissed *sua sponte* for lack of jurisdiction. All papers filed herein shall be preserved by the Clerk of Court and treated as if received in a properly-commenced bankruptcy case.

It is SO ORDERED.

---

2. Although Mr. Reed received a pre-petition fee for services relating to negotiation and settlement of creditors' claims, he believes, apparently because his compensation was not specifically designated for bankruptcy-filing services, that he is not a "bankruptcy petition preparer" under 11 U.S.C. § 110.

3. A power of attorney must be "acknowledged" by the principal. N.Y.Gen.Oblig.Law § 5–1501 (McKinney Supp.1995).