**In re Gloria J. KING, Debtor.**

**Bankruptcy No. 7–98–14211 MA.**

United States Bankruptcy Court,
D. New Mexico.

April 21, 1999.

Ms. Christine Zuni Cruz, Attorney at Law, Mr. Michael A. Robinson, Practicing Law Student, UNM Clinical Law Programs, Albuquerque, NM.

Mr. Bill J. Sholer, Albuquerque, NM, Chapter 7 Trustee.

### MEMORANDUM OPINION
MARK B. McFEELEY, Chief Judge.

THIS MATTER came before the Court on the Trustee's Motion to Dismiss. This well argued case raises the unique issue of whether a conservator may file a voluntary petition for bankruptcy on behalf of a debtor whose whereabouts are unknown.

Having heard the arguments of counsel, considered the letter memorandum submitted by counsel for the Debtor, and being otherwise fully informed, the Court finds that a conservator cannot file a petition for bankruptcy under these circumstances and grants the Trustee's Motion to Dismiss.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Gloria J. King, the Debtor, has been missing since August 9, 1996. Since she disappeared, her son, Andre B. King, took steps to manage Ms. King's affairs, including making payments on her debts from his own personal finances. On June 27, 1997, Andre B. King was appointed permanent conservator for Gloria J. King[1]. As conservator on behalf of Gloria J. King, Andre B. King filed a voluntary petition for bankruptcy under Chapter 7 of the Bankruptcy Code on July 8, 1998. The primary purpose for filing the bankruptcy petition was to protect Ms. King's assets and to discharge an unsecured credit card debt in the amount of approximately $5,000. The Trustee filed a Motion to Dismiss on September 17, 1998, requesting

the Court to dismiss the case on grounds that the petitioner, Andre B. King, is not the Debtor and cannot file a petition on behalf of the Debtor.

## DISCUSSION

This is a case of first impression. While there is case law to support the proposition that guardians, guardians ad litem, or court appointed conservators have the power to file petitions for bankruptcy on behalf of protected persons[2], this Court has found no case law addressing this issue in the context of a missing debtor/protected person.

A thorough evaluation of this issue should begin with a review of the relevant provisions of the Bankruptcy Code and the New Mexico conservatorship statutes. Section 109 of the Bankruptcy Code defines those parties who qualify as debtors under the Bankruptcy Code. Section 109(b) defines qualified parties by exclusion.[3] Since Ms. King is clearly not a railroad, or a foreign or domestic insurance company, bank, or similar entity, she appears to qualify as a debtor under Chapter 7 of the Bankruptcy Code, despite the

---

1. *See* Order Appointing Conservator, filed on June 27, 1997 in New Mexico State District Court Case No. CV–PB 96–1057, styled, *In the Matter of the Conservatorship Proceeding for Gloria J. King*

2. *See Wieczorek v. Woldt (In re Kjellsen)*, 53 F.3d 944, 946 (8th Cir.1995) (guardian, not party holding durable power of attorney, proper party to file bankruptcy on behalf of debtor previously adjudicated incompetent); *In re Murray*, 199 B.R. 165, 172 (Bankr. M.D.Tenn.1996) (parent allowed to file voluntary petition for bankruptcy as "next-friend" on behalf of seven-year old child); *In re Smith*, 115 B.R. 84, 85 (Bankr.E.D.Va.1990) (court appointed guardian with authorization to file bankruptcy on debtor's behalf may file voluntary petition for bankruptcy on behalf of physically incapacitated debtor); *In re Zawisza*, 73 B.R. 929, 932 (Bankr.E.D.Pa.1987) (guardian may file bankruptcy on behalf of protected person even if guardianship papers do not specifically authorize guardian to do so); *In re Kirschner*, 46 B.R. 583, 584 n. 1 (Bankr.E.D.N.Y.1985)(guardian may file

bankruptcy on behalf of protected person if court order appointing guardian authorizes it).

3. 11 U.S.C. § 109(b) provides:

A person may be a debtor under chapter 7 of this title only if such person is not -
(1) a railroad;
(2) a domestic insurance company, bank, savings bank, cooperative bank, savings and loan association, building and loan association, homestead association, a small business investment company licensed by the Small Business Administration under subsection (c) or (d) of section 301 of the Small Business Investment Act of 1958, credit union, or industrial bank or similar institution which is an insured bank as defined in section 3(h) of the Federal Deposit Insurance Act; or
(3) a foreign insurance company, bank, savings bank, cooperative bank, savings and loan association, building and loan association, homestead association, or credit union, engaged in such business in the United States.

fact that she is missing. The Bankruptcy Code also requires a person to reside or have a domicile or property in the United States in order to qualify as a debtor. 11 U.S.C. § 109(a). Ms. King may no longer reside in the United States. Indeed, she has been missing since 1996. She does, however, have property in the United States, so she qualifies as a debtor under 11 U.S.C. § 109(a).

■ Under New Mexico statutes, a conservator is vested with title as trustee to all property of the protected person upon appointment as conservator. NMSA 1978 § 45-5-420 (1995 Repl.). Conservators also have the power to "act without court authorization or confirmation, to . . . . prosecute or defend actions, claims or proceedings in any jurisdiction for the protection of estate assets." NMSA 1978 § 45-5-424(C)(24) (1995 Repl.). Mr. King was appointed permanent conservator for Ms. King on June 27, 1997. As conservator he is vested with title to all of Ms. King's property, and he has all the powers conferred upon conservators by statute. Moreover, he has a fiduciary duty to preserve Ms. King's estate. NMSA 1978 § 45-5-417 (1995 Repl.). Filing bankruptcy on behalf of Ms. King, if allowed, would discharge Ms. King's remaining unsecured debts, and maximize her estate. Thus, though not specifically addressed in the statute, conservators appointed under New Mexico law appear to have the power to file bankruptcy on behalf of a protected person.

Courts considering whether guardians may file bankruptcy on behalf of a protected person have reached the same conclusion. In *Wieczorek v. Woldt (In re Kjellsen)*, 53 F.3d 944 (8th Cir.1995), the Eight Circuit Court of Appeals determined that a court appointed guardian was the only party who had power to file bankruptcy on behalf of the protected person. In that case, the Court was faced with two competing parties: one party holding the protected person's power of attorney, and the other who was the court appointed guardian. The Eight Circuit held that the guardian, not the attorney-in-fact, had the power to file bankruptcy on behalf of the protected person. *Id.* at 946. However, in *Kjellsen*, as in the other cases considering whether guardians may file bankruptcy on behalf of protected persons, the protected persons, though incapacitated, were present.[4] Ms. King is not present; therefore, that line of cases, though helpful, is not dispositive.

Some courts have addressed the absent debtor situation. In those cases, a party holding the debtor's power of attorney filed bankruptcy as attorney-in-fact on behalf of an absent debtor. The courts are split as to whether it is permissible for an attorney-in-fact to file bankruptcy on behalf of another.[5] Courts considering this issue want assurance that the debtors have given express authority to their attorneys-in-fact to file bankruptcy on their behalf. Thus, most courts confronting this situation are reluctant to infer the power to file bankruptcy from a general power of attorney, but would allow an attorney-in-fact

**4.** *But see In re Kirschner,* 46 B.R. 583 (Bankr. E.D.N.Y.1985) (debtor dies shortly after wife as guardian ad litem filed bankruptcy on his behalf, so not present for most of bankruptcy proceeding, yet was present at time petition was filed).

**5.** *See In re Brown,* 163 B.R. 596, 597 (Bankr. N.D.Fla.1993) (court will not infer power to file bankruptcy from general power of attorney unless there are extraordinary circumstances, implying specific power of attorney authorizing attorney-in-fact to file bankruptcy would be acceptable); *In re Sullivan,* 30 B.R. 781, 782 (Bankr.E.D.Pa.1983) (attorney-in-fact may file bankruptcy on behalf of another and appear in his stead at § 341 meeting where limited power of attorney authorizes attorney-in-fact to file bankruptcy); *cf. In re Ballard,* 1987 WL 191320 (Bankr.N.D.Cal. 1987) (attorney-in-fact holding general power of attorney may file bankruptcy on behalf of her husband who is in the army stationed in Europe); *but see In re Raymond,* 12 B.R. 906, 907 (Bankr.E.D.Va.1981) (wife holding husband-serviceman's power of attorney may not file bankruptcy on his behalf).

with a power of attorney giving specific authorization to file bankruptcy on the debtor's behalf to do so.

In sum, while somewhat instructive, neither the cases considering powers of attorney nor the cases considering guardians are completely analogous to the facts presented in this case. The cases involving a power of attorney involve debtors who are not present, but had the capacity to give consent to their attorneys-in-fact to file bankruptcy on their behalf. In the guardianship cases, the protected person, while incapacitated, was nevertheless present.

Ms. King did not affirmatively give her son the power to file bankruptcy on her behalf. Nor is she present. Mr. King was appointed as conservator for Ms. King, not because she lacked capacity, but because she is missing.

Counsel for the Debtor asserts that being incapacitated is tantamount to being missing, because neither the incapacitated person, nor the missing person would be able to take the stand to be questioned. Thus the cases holding that a guardian may file bankruptcy on behalf of an incapacitated debtor would apply. This analogy is appealing, but unpersuasive, in the context of bankruptcy. When a person is missing there exists a potential for abuse of the bankruptcy system. There is no way to be sure what the debtor's assets and liabilities are if the debtor's whereabouts are unknown. Although there is no evidence of bad faith on the part of this Debtor, the Court is reluctant to set a precedent that might encourage abuse of the bankruptcy system. Moreover, to allow a conservator to file bankruptcy on behalf of a missing person would frustrate a primary policy of the Bankruptcy Code: to provide debtors with a fresh start.

Section 105 of the Bankruptcy Code gives the court equitable power to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). The Court is sympathetic to Mr.

King, who has taken it upon himself to manage Ms. King's affairs in her absence. Given the circumstances of the Debtor's disappearance, it is likely that the Debtor is now deceased. But deceased persons are not afforded protection under the Bankruptcy Code. *See Goerg v. Parungao (In re Goerg)* 844 F.2d 1562, 1566 (11th Cir.1988); *In re Estate of Whiteside,* 64 B.R. 99, 102 (Bankr.E.D.Cal.1986); *In re Jarrett,* 19 B.R. 413, 414 (Bankr.M.D.N.C. 1982); *In re Estate of Hiller,* 240 F.Supp. 504, 504 (N.D.Cal.1965)(interpreting prior Bankruptcy Act). Bankruptcy Court is not the proper forum to administer Ms. King's estate; probate court is. *See In re Brown,* 163 B.R. 596, 597 (Bankr.N.D.Fla. 1993). Despite the presumption under New Mexico law that missing persons are alive for five years after their disappearance, this Court cannot hold that a conservator for a missing person can file bankruptcy on behalf of the missing person. *See* NMSA 1978 § 45–1–107(E) (1995 Repl.). To do so would invite potential abuse of the bankruptcy system and frustrate the primary bankruptcy policy of providing debtors with a fresh start.

## CONCLUSION

For the foregoing reasons, the Court concludes that Mr. King cannot file bankruptcy as conservator on behalf of Ms. King, a missing protected person. This opinion constitutes the Courts findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure. An appropriate order will be entered.