**In re Donald D. CURTIS, Debtor.**

**No. 01–10032 CAB.**

United States Bankruptcy Court,
D. Vermont.

May 22, 2001.

John R. Canney, III, Rutland, VT, for trustee.

Kathleen Walls, Middlebury, VT, for debtor.

Kevin Purcell, Albany, NY, for Office of U.S. Trustee.

## MEMORANDUM OF DECISION GRANTING DEBTOR'S AMENDED MOTION TO DISMISS.

COLLEEN A. BROWN, Bankruptcy Judge.

The matter before the Court is the Debtor's Amended Motion for Dismissal [Dkt. # 14–1] ("the Motion to Dismiss") filed March 7, 2001. Objections to the requested relief were filed by the Trustee [Dkt. # 7–1] and the U.S. Trustee [Dkt. # 13–1]. At the hearing held on April 17, 2001, this Court granted the debtor's motion to dismiss his chapter 7 case and indicated that a written decision would follow. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

### Background

On January 11, 2001, a voluntary petition for bankruptcy relief was filed pursuant to Chapter 7 of 11 U.S.C. ("the Bankruptcy Code") on behalf of the debtor. Throughout the petition the debtor is identified as Donald D. Curtis. However, the petition and related forms were filed and signed by Lerlene McGuire, the debtor's daughter, as Power of Attorney for Donald Curtis, with an accompanying General Unlimited Durable Power of Attorney (hereafter "the Power of Attorney") dated April 18, 2000.

The Power of Attorney states in pertinent part:

KNOW ALL PEOPLE BY THESE PRESENTS that I, Donald D. Curtis, of Springfield, in the County of Windsor, State of Vermont, do hereby authorize and empower Lerlene McGuire of Bristol, Vermont, as my true and lawful attorney in fact to make, execute, and deliver any and all instruments, documents, and other writings and to do, perform, and otherwise transact any and all actions, acts, or transactions on my

behalf which are necessary or convenient to the commencement, continuation, or completion of any transaction or occurrence of any kind or nature whatsoever, which I do perform, or otherwise transact on my own behalf.

This general unlimited durable power of attorney shall be liberally construed, and without intending to limit the generality of the power of attorney conveyed herein, shall include but not be limited to the power and authority to make, execute, and deliver any contract for the purchase or sale of any real, personal, or mixed property, any bill of sale, any deed or other instrument of conveyance, any promissory note and security agreement, financing statement, or mortgage deed securing the same, any lease agreement and the power and authority to conduct, engage in, and transact any and all lawful business, of whatever nature or kind whatsoever, on my behalf, including but not limited to the endorsement, execution, and negotiation of any check or other commercial paper and disbursement of the funds derived therefrom. This power shall further include the power to make gifts on my behalf, including gifts to my attorney in fact, but not her spouse, her creditors or to anyone to whom she is obligated for support. The power to make gifts to herself, vested in my attorney in fact is not, nor shall be construed to be a general power of appointment.

This instrument is to be construed and interpreted as a general power of attorney and the enumeration of specific items, rights, acts, or power herein is not limited to, nor does it, limit or restrict, and is not to be construed or interpreted as limiting or restricting, the general powers herein granted to my attorney in fact.

This power of attorney is intended to be durable and shall not be affected or impaired by any physical or mental disability which may hereafter afflict me.

In his motion to dismiss[1], the debtor asserts two grounds for relief. First, the debtor avers that he would have chosen not to file the bankruptcy petition if he had been aware of the possible adverse impact upon a recent real estate transaction involving his homestead purportedly undertaken entirely for estate planning purposes. From the record, it appears that the debtor is referring to a pre-petition transaction where the debtor transferred his interest in his homestead to his intended heirs, reserving for himself both a life estate and the unfettered power to sell the property during his lifetime. The debtor indicates that he has only recently learned that the chapter 7 trustee may, and in fact intends to, move to avoid this transfer as a fraudulent conveyance. The debtor points out that he neither signed the bankruptcy petition nor appeared at the § 341 meeting of creditors; both legally required actions were undertaken by Lerlene McGuire as his "attorney-in-fact." Thus, the debtor concludes that he should not be bound by

---

1. The debtor, through his bankruptcy attorney of record, initially filed his Motion to Dismiss [Dkt. # 3–1] on February 23, 2001, shortly after the petition was filed. The motion was not signed by the debtor and did not indicate service on all applicable creditors. In order to resolve the part of the U.S. Trustee's Objection pertaining to lack of debtor's signature and inadequate service on creditors, the debtor filed his Amended Motion to Dismiss [Dkt. # 14–1], signed by the debtor and his bankruptcy counsel, without any substantive changes. The Court regards the motion to dismiss as amended as the operative request for relief and will address all Objections by the U.S. Trustee and case trustee that remain unresolved by the procedural amendment regarding service and the need for a proper signature.

the petition and should not be put in a position to have his estate planning transaction—and his homestead—at risk based upon legal filings he neither signed nor understood. As his second ground for relief, the debtor argues that the subject Power of Attorney does not include language which specifically permits the attorney-in-fact to file for bankruptcy protection on behalf of the debtor and, therefore, is ineffective for commencing a bankruptcy case.

In response, the case trustee states that based upon an inquiry he conducted of the debtor's attorney-in-fact at the § 341 meeting of creditors, the trustee believes that the debtor actually conveyed his homestead to his children during calendar year 2000 for two reasons: (1) to consummate estate planning and (2) to take the asset out of the hands of the debtor so that his creditors could not reach it. Based upon this belief, the trustee asserts that it would clearly not be in the best interest of the creditors to dismiss the case and deprive the trustee of the opportunity to bring this asset back into the debtor's name for the benefit of general unsecured creditors. The trustee additionally asserts that the debtor's failure to understand the effect of filing bankruptcy is insufficient grounds for dismissal of the case. In his supporting legal memorandum, trustee relies solely upon the case of *In re Hurt,* 234 B.R. 1 (Bankr.N.H.1999) to justify his argument that this case should not be dismissed.

The U.S. Trustee opposes the motion to dismiss (1) because the motion contains "too many unanswered questions," (2) because it fails to indicate for what other purposes the Power of Attorney has been invoked or whether the attorney's authority derives from the debtor or the debtor's attorney-in-fact, and (3) because debtor's Schedule A is ambiguous as to the actual

fair market value of the debtor's homestead property.

### Issue

The issue presented by this motion is whether a general power of attorney is sufficient to authorize the attorney-in-fact to file a petition on behalf of a debtor who subsequently opposes being in bankruptcy.

### Discussion

■ It appears well-settled that a bankruptcy case may be commenced through an attorney-in-fact under appropriate circumstances. An attorney-in-fact may commence a bankruptcy case so long as the debtor qualifies for relief under 11 U.S.C. § 109, the commencement of the case is within the scope of the specific language contained in the document granting the power of attorney, and such action by the attorney-in-fact does not constitute the practice of law. *See* 11 U.S.C. § 109; Bankruptcy Rule 9010; *see also In re Gridley,* 131 B.R. 447 (Bankr.D.S.D.1991); *In re Brown,* 163 B.R. 596 (Bankr.N.D.Fla. 1993); *In re Raymond,* 12 B.R. 906 (Bankr.E.D.Va.1981); *cf. In re Hurt,* 234 B.R. 1 (Bankr.D.N.H.1999); *but see In re Smith,* 115 B.R. 84, 85 (Bankr.E.D.Va. 1990) (denying petitioner's request to file petition through spousal power of attorney and requiring a court-appointed guardian having specific authorization to file bankruptcy). In addition to the specific terms of the granting authority, some courts also consider the existence of any exceptional circumstances at the commencement of the bankruptcy case. *See In re Brown,* 163 B.R. at 597.

Admittedly, there is a split as to the requisite indicia of authority needed to allow an attorney-in-fact to commence a bankruptcy case on behalf of a debtor. *See Wekell v. U.S.,* 14 F.3d 32, 33 (9th Cir.1994); *In re King,* 234 B.R. 515, 517 (Bankr.D.N.M.1999). Some courts recognize the effectiveness of a power of attor-

ney only if ratified by the debtor. *See In re Ballard*, 1987 WL 191320 (Bankr. N.D.Cal.1987) (general power of attorney authorizes filing of bankruptcy provided debtor, stationed abroad in armed services, specifically ratifies the filing in writing); *In re Sullivan*, 30 B.R. 781 (Bankr.E.D.Pa. 1983) (filing of bankruptcy pursuant to a general power of attorney allowed where it is subsequently ratified in writing by the debtor with an express grant of authority). A number of courts scrutinize the empowering document for express language specifically authorizing the filing of bankruptcy. *See In re Brown*, 163 B.R. 596 (Bankr. N.D.Fla.1993) (specific language expressly authorizing filing of bankruptcy required in the power of attorney along with exceptional circumstances); *In re Raymond*, 12 B.R. 906 (Bankr.E.D.Va.1981) (general power of attorney does not authorize wife to file bankruptcy for husband, stationed abroad in armed services, which is deemed a personal privilege); *In re Morgan*, 182 B.R. 4 (Bankr.S.D.N.Y.1995) (citing *In re Raymond* and voiding petition *ab initio* where the debtor rejected the petition filed without her knowledge by another pursuant to an unacknowledged power of attorney that did not specifically authorize filing bankruptcy); *In re King*, 234 B.R. 515 (Bankr.D.N.M.1999) (while dealing with ability of conservator to file for another, notes that the debtor never affirmatively gave the power to file on her behalf). Moreover, some courts are concerned that a court-appointed guardian or next of friend be involved in a bankruptcy filing pursuant to a power of attorney. *See In re Smith*, 115 B.R. 84 (Bankr.E.D.Va.1990) (citing *In re Raymond*, rejects bankruptcy petition filed pursuant to power of attorney and requires a court-appointed guardian or next friend); *see generally In re Murray*, 199 B.R. 165 (Bankr.M.D.Tenn. 1996).

While acknowledging the need for a legal document that sufficiently grants the power of attorney to act in a particular matter, the requisite indicia of authority may vary. *Compare In re Gridley*, 131 B.R. 447 (Bankr.D.S.D.1991) (B.R. 9010 allows filing by attorney-in-fact where a specific provision of the power of attorney authorized and instructed holder to file a bankruptcy petition on behalf of debtor) (cited by *In re Hurt, supra*) *and In re Raymond*, 12 B.R. 906 (Bankr.E.D.Va. 1981) (general power of attorney insufficient to authorize wife to file bankruptcy on behalf of husband), *with In re Hurt*, 234 B.R. 1 (Bankr.D.N.H.1999) (filing pursuant to a power of attorney allowed where the power of attorney grants "broad authority" and mentions ability to "commence and prosecute ... all actions and proceedings" and no evidence that the debtor revoked or terminated the power of attorney by operation of law) *and In re Ballard*, 1987 WL 191320 (Bankr.N.D.Cal. 1987) (general power of attorney permits wife to file bankruptcy on behalf of husband).

Based upon the foregoing analysis of relevant caselaw, this Court determines that something more than a general power of attorney is necessary to authorize the commencement of a bankruptcy case on behalf of a debtor. The general language of the subject Power of Attorney, although requiring a liberal construction, does not authorize the filing of a bankruptcy case. The instant Power of Attorney specifically addresses various potential real estate, gift giving and business transactions, but not litigation in general or bankruptcy in particular. It is the lack of any reference to litigation or legal proceedings that distinguishes the instant Power of Attorney from the document presented in *In re Hurt, supra*, or the other above-referenced cases where the power of attorney was

deemed adequate to support the commencement of a bankruptcy case.

■ Furthermore, the terms of the Power of Attorney limit the authority to act on behalf of the debtor "to make, execute, and deliver any and all instruments, documents, and other writings and to do, perform, and otherwise transact any and all actions, acts, or transactions on my behalf which are necessary or convenient to the commencement, continuation, or completion of any transaction or occurrence of any kind or nature whatsoever, *which I do perform, or otherwise transact on my own behalf.*" (Emphasis added). The debtor was not undertaking a bankruptcy at the time the Power of Attorney was executed and has emphatically expressed an unwillingness to be involved in the bankruptcy case. This is critical. The filing of a bankruptcy case is a serious act with profound legal consequences for debtors and creditors and should not be undertaken without careful deliberation of the consequences. *See In re Brown,* 163 B.R. at 597. Moreover, the commencement of a bankruptcy case requires an affirmation of the completeness and accuracy of financial statements and of schedules of debts and assets, and requires the personal knowledge and oath of the debtor or someone authorized to act on his or her behalf. *See In re Boone,* 236 B.R. 275, 280 (Bankr. M.D.Fla.1999). It is a very substantial burden for an attorney-in-fact to undertake responsibility for fulfilling these duties. It is this Court's determination that the attorney-in-fact must demonstrate that he or she is both capable of fulfilling these duties and authorized by the debtor to commence the case in order for the power of attorney to be given effect in a bankruptcy court.

For these reasons, this Court is reluctant to construe the subject Power of Attorney to require an unwilling debtor to maintain this bankruptcy case absent specific authorization in the granting document or exceptional circumstances—especially at this preliminary stage of the case, before creditors could have reasonably relied upon the notice to any significant detriment. *See In re Ballard,* 1987 WL 191320 (Bankr.N.D.Cal.1987) (proceedings may be dismissed by unwilling debtor as not within scope of a standard power of attorney within a reasonable time of filing bankruptcy).

In looking to state law, it appears that this decision is consistent with the construction of powers of attorney under applicable Vermont law. *See Bourne v. Lajoie,* 540 A.2d 359, 149 Vt. 45 (Vt.1987) (allowing daughter to file suit to reform a deed where the power of attorney granted power to represent for all matters concerning the farm); *Conger v. Gruenig,* 96 A.2d 821, 117 Vt. 559 (Vt.1953) (deemed the power of attorney to be limited and not including the entering into agreements not specifically authorized); *see also Schall v. Gilbert,* 741 A.2d 286, 169 Vt. 627 (Vt.1999) (allowing sale of Certificates of Deposit although not expressly authorized where powers were "broadly drawn" yet specifically authorized drawing funds from bank accounts and making various financial decision).

The Court does not address the arguments of the case trustee as to the alleged fraudulent conveyance because the determination to allow dismissal of the chapter 7 case is made without consideration of—and is independent of—the merits of that contention. The Court recognizes that the debtor's concern over the possibility of losing his homestead was undoubtedly the primary motivation for his motion to dismiss the case, but the Court cannot address that question without determining first the validity of the filing of the case. Since the Court has found that the Power

of Attorney was ineffective to commence the case, the Court finds no reason to consider speculation as to what might be proven in a fraudulent conveyance proceeding.

For the reasons set forth above, the debtor's motion to dismiss is granted and this chapter 7 case is dismissed.