**In re Tommy Craycraft HARRISON, Debtor.**

**Bankruptcy No. 93–5451–8P3.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Aug. 17, 1993.

Donald J. Schutz, Mishele Schutz, Schutz and Schutz, P.A., St. Petersburg, FL, for debtor.

Terry E. Smith, Bradenton, FL, Chapter 13 Standing Trustee.

Shirley Arcuri, Tampa, FL.

## ORDER UPON ORDER
## TO SHOW CAUSE

ALEXANDER L. PASKAY, Chief Judge.

THIS IS the most bizarre Chapter 13 case ever encountered by this Court during the past 30 years, produced by what is claimed to be creative lawyering according to counsel of record for Tommy Craycraft Harrison (Debtor). The facts relevant to the disposition of this case as appear from the record are clear, are not subject to any legitimate dispute and are as follows:

On May 14, 1993, Mishele Schutz, a member of the law firm of Schutz & Schutz, P.A., filed a Petition for Relief under Chapter 13 of the Bankruptcy Code on behalf of Tommy Craycraft Harrison. The Petition identified Donald J. Schutz as counsel of record and while the signature of Tommy Craycraft Harrison appeared as the signature of the Debtor, on the second page of the Petition, on the verification line, the signature was clearly not the signature of the Debtor but the signature of Vicki H. Rapley without indicating that it was signed by her on behalf of the Debtor in any representative capacity.

On May 21, 1993, the Clerk's office issued a Notice of Deficient Filing because the Petition was not accompanied by the Summary of Schedules, Schedules A through J, and the Statement of Affairs as required by F.R.B.P. 1007(b)(1) & (2). The verification of the matrix was filed together with the Petition and was again purportedly signed by the Debtor although it is clear that it was again signed by Vicki H. Rapley, and not the Debtor. The Statement of Intention, List of Creditors, Statement of Financial Affairs, Schedules A through J, verified under oath, was again signed by Vicki H. Rapley, however, at this time, ostensibly pursuant to a power of attorney granted to her by the Debtor. It is without serious dispute that it was not until June 21, 1993 that counsel for the Debtor filed a Notice of Filing Power of Attorney attaching a facsimile transmittal from Tommy Craycraft Harrison authorizing Vicki H. Rapley to execute the filing of a Chapter 13 "proceeding" (sic). Thus, there is no doubt that on the date the original Petition for Relief was filed there was no power of attorney on file but, most importantly, as noted earlier, the Petition was signed by Vicki H. Rapley who signed the name of Tommy Craycraft Harrison without any indication or reference to any power of attorney. Thus, clearly the signature of the Debtor was not the Debtor's signature but was forged by Vicki H. Rapley.

Based on the following undisputed facts on June 23, 1993, this Court issued an Order to Show Cause in order to inquire into the authority and the extent of same, if any, of Vicki H. Rapley to file a Voluntary Petition on behalf of the Debtor and most importantly to sign on behalf of the Debtor the documents required by F.R.B.P. 1007(b)(1).

It is the contention of counsel for the Debtor that based on a special Power of Attorney, the Petition was properly authorized and therefore there is no legal impedi-

ment to maintain this Chapter 13 case, and the Debtor should be permitted to avail herself to the benefits of Chapter 13, generally accorded to debtors eligible for relief under this Chapter.

■ Although it is unusual and clearly unorthodox to file a Voluntary Petition for Relief by proxy, there is nothing in the Code or in the Rules which either prohibits or permits this practice. This practice was accepted under unusual circumstances and generally limited to service men—during war times, or during other active involvement of members of the armed services in overseas duties, i.e., such as in the Persian Gulf conflict. This conclusion does not intend to convey that a Debtor may not be required personally to sign the documents required by F.R.B.P. 1007(b)(1) & (2). Be that as it may, this Petition is clearly different from the exigent circumstances described above for several reasons. First, there is nothing in this record to warrant the finding that this Debtor was or is a member of the armed services or hospitalized or incapacitated to the extent that she is incapable to sign the Petition. Second, even a cursory viewing of the signature on the Petition should not leave any doubt that although the signature purports to be the signature of the Debtor, it was not the Debtor's signature but was signed by Vicki H. Rapley. Thus, this Petition was signed by a non-Debtor without indicating that it was signed in any representative capacity and, therefore, the Petition is nothing but a legal nullity and subject to dismissal.

■ There is no doubt that a Debtor may not authorize by a power of attorney the execution of the documents required by F.R.B.P. 1007(b)(1) & (2), let alone verify under penalty of perjury that the facts stated in the documents submitted are true and correct without running afoul of F.R.B.P. 9011, generally referred to as the certification rule. The clear language in the Rule leaves no doubt that the party shall sign all papers and state the party's address and telephone number. This Rule provides that:

(a) **Signature.** Every petition, pleading, motion and other paper served or filed in a case under the Code on behalf of a party represented by an attorney, except a list, schedule, or statement, or amendments thereto, shall be signed by at least one attorney of record in the attorney's individual name, whose office address and telephone number shall be stated.... The signature of an attorney or a party constitutes a certificate that the attorney or party has read the document; that to the best of the attorney's or party's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation or administration of the case.... If a document is signed in violation of this rule, the court on motion or on its own initiative, shall impose on the person who signed it, the represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the document, including a reasonable attorney's fee.

(b) **Verification.** Except as otherwise specifically provided by these rules, papers filed in a case under the Code need not be verified. Whenever verification is required by these rules, an unsworn declaration as provided in 28 U.S.C. § 1746 satisfies the requirement of verification.

It takes no elaborate discussion to point out the obvious that no one can grant authority to verify under oath the truthfulness of statements contained in the documents and to verify facts that they are true when the veracity of these facts are unique and only within the ken of the declarant which in this instance is the Debtor and not Vicki H. Rapley who signed the verification. While she may have personal knowledge of how much the Debtor owes to her since she is listed as a creditor, she would not possibly have personal knowledge as to the precise amounts owed by the Debtor to

each of the creditors. She certainly could not possibly have any personal knowledge of the truthfulness of the answers stated in the Statement of Financial Affairs which she verified under oath to be true.

Based on the foregoing, it is

ORDERED, ADJUDGED AND DE-CREED that the Chapter 13 Petition filed by Vicki H. Rapley on behalf of Tommy Craycraft Harrison be, and the same is hereby, dismissed. It is further

ORDERED, ADJUDGED AND DE-CREED that Vicki H. Rapley be, and the same is hereby, ordered to appear before the undersigned on August 30, 1993, @ 3:30 pm Courtroom A, 4921 Memorial Highway, Tampa, FL 33634, and show cause, if there is any, why sanctions should not be imposed upon her for violation of F.R.B.P. 9011.

DONE AND ORDERED.