**In re Berton L. BROWN, Debtor.**

**Bankruptcy No. 93–04473.**

United States Bankruptcy Court,
N.D. Florida,
Pensacola Division.

Oct. 27, 1993.

William E. Bond, Jr., Pensacola, FL, for creditor.

Daniel C. Perri, Shalimar, FL, for debtor.

John E. Venn, Jr., Gulf Breeze, FL, Trustee.

David Fleming, Gulf Breeze, FL, for debtor in Non–Bank. Lit.

### ORDER DISMISSING CASE

LEWIS M. KILLIAN, Jr., Bankruptcy Judge.

This matter came before the Court in the course of a telephonic hearing to determine whether David L. Fleming, an attorney who had represented the debtor in non-bankruptcy litigation prior to the filing of the petition, should be compelled to submit to a Rule 2004 examination requested by AmSouth Bank of Florida (the "Creditor"). Fleming objected to submitting to the examination on three grounds: (1) that the Court lacks jurisdiction over the case because the signature on the petition is not that of the debtor; (2) the examination is sought for an improper purpose; and (3) the documents sought under the examination contain information subject to the attorney-client privilege with respect to the debtor as well as other third parties not directly related to this case. The Court concludes the petition is not valid, and therefore, the case should be dismissed.

A bankruptcy petition was filed in this case without schedules on May 28, 1993. The petition bears a signature in the name of Berton L. Brown, however at the telephonic hearing held before the Court, the debtor's attorney indicated that the signature is actually that of Derlie A. Brown, the debtor's wife. Counsel for the debtor indicated that Mrs. Brown signed the petition pursuant to a general power of attorney. The petition does not indicate that Mrs. Brown signed her husband's name in a representative capacity, nor was the power of attorney under which she purportedly acted upon filed until specifically requested by the Court at the telephonic hearing.

The power of attorney was signed, witnessed and notarized on January 13, 1993. The document appoints Derlie Brown as attorney-in-fact and includes a general grant of powers over the debtor's financial affairs, but contains no language which explicitly empowers the agent to file a bankruptcy petition.

The debtor died on June 3, 1993, just six days after the petition was filed.

Citing the debtor's death, counsel for the debtor filed a motion to dismiss the case on July 13, 1993. The Creditor objected, and on August 26, 1993, the Court denied the motion citing Rule 1016. No issue relating to the validity of the debtor's petition was raised at that hearing nor was this Court informed that the Debtor had not signed the petition.

■ The validity of a petition is a threshold question in determining a bankruptcy court's jurisdiction over a case. 11 U.S.C. § 301; See also, In re Harrison, 158 B.R. 246 (Bankr.M.D.Fla.1993). The Court initially questions whether a party whose sole relationship to a case is the fact that a creditor wishes to examine him pursuant to Rule 2004 has standing to raise the issue of a petition's validity. Notwithstanding that concern, the Court is convinced that it may, on its own initiative, examine the issue pursuant to its general equitable powers under § 105(a).

The filing of bankruptcy petition is a serious act which necessarily involves exposing the financial and legal affairs of the petitioner to all interested parties in a public forum. The filing of the petition, while offering relief to beleaguered debtors, also carries a long lasting stigma in our society. In addition, the completion of the debtor's schedules frequently requires information that is only available from the debtor. For these reasons courts have been reluctant to permit a party other than the debtor to sign and file a petition under a power of attorney absent extraordinary circumstances.

The most commonly occurring circumstance warranting the acceptance of a petition signed by a non-debtor involves members of the armed services. Id. The typical situation involves a power of attorney appointing a spouse or family member to conduct the serviceman's affairs while on duty in remote parts of the world. The rationale supporting these cases can be fairly summarized by stating that the need to conduct the debtor's affairs and the inability of the individual to do so while far from home necessitates the filing of a petition under a power of attorney. In re Ballard, 16 Collier Bankr.

598

Cas.2d (MB) 1245, 1987 WL 191320 (Bankr. N.D.Cal.1987). There is also a line of cases which permits a court-appointed guardian to file a petition on behalf of a disabled person. *E.g., In re Zawisza,* 73 B.R. 929 (Bankr. E.D.Pa.1987). However, these cases generally require express authority to file a bankruptcy petition from the court making the appointment. *In re Smith,* 115 B.R. 84, 85 (Bankr.E.D.Va.1990). At least one other case allowed a debtor to effectively ratify the filing of the petition by executing a power of attorney with an express grant of authority to file a bankruptcy petition. *In re Sullivan,* 30 B.R. 781, 782 (Bankr.E.D.Pa.1983).

The facts in this case are most similar to those addressed by Judge Paskay in the *Harrison* case. 158 B.R. 246 (Bankr. M.D.Fla.1993). There, as here, the debtor's petition bore the debtor's name, but was signed by a party who failed to indicate that the petition was signed in a representative capacity. Judge Paskay found the petition to be a legal nullity and dismissed the case despite the subsequent production of a power of attorney. *Id.*

■ This Court is similarly convinced that the petition is a legal nullity. The signature on the petition was forged by the debtor's wife without providing any indication that the document was signed by her in a representative capacity. The power of attorney does not expressly authorize the agent to file a bankruptcy petition, nor were there extraordinary circumstances involved at the time the power of attorney was executed from which such authorization could be implied. There is also no opportunity for the debtor to ratify the filing of the petition due to his subsequent death, nor should the impending death of a debtor be considered an extraordinary circumstance justifying the filing of a petition without his signature. Moreover, the Debtor's death obviates any need for a discharge and a fresh start, two key benefits available with the filing of a bankruptcy petition. The state's probate system is more than adequate to protect the interests of the estate's creditors without prejudice.

Accordingly, it is

ORDERED AND ADJUDGED that the case be, and hereby is dismissed.

DONE AND ORDERED.