In re Pauline S. HURT, Debtor.

Bankruptcy No. 99–11243–JMD.

United States Bankruptcy Court,
D. New Hampshire.

May 18, 1999.

Geraldine Karonis, Assistant U.S. Trustee, Manchester, NH, for UST J. Christopher Marshall.

Gerald D. Neiman, Rab & Neiman, PA, Keene, NH, for debtor Pauline Hurt.

Sandra O'Neill, Lake Placid, FL, attorney in fact for debtor.

Timothy P. Smith, Manchester, NH, Chapter 7 Trustee.

## MEMORANDUM OPINION AND ORDER

J. MICHAEL DEASY, Bankruptcy Judge.

## I. BACKGROUND

On April 14, 1999, a Chapter 7 petition was filed by Sandra O'Neil as "attorney in fact" for Pauline S. Hurt, the debtor in this case. Ms. O'Neil signed the petition, statement of affairs, schedules, and statement of intention, "Sandra O'Neil attorney in fact for Pauline S. Hurt." No power of attorney was filed with the petition.

On May 10, 1999, the Court, *sua sponte,*[1] issued an order to show cause why the case should not be dismissed for failure to provide evidence that Ms. O'Neil is the debtor's attorney in fact and that Ms. O'Neil has been given specific authority to file a bankruptcy petition on behalf of Ms. Hurt and to take action incident to the bankruptcy filing. The Court scheduled a hearing on the order to show cause for May 17, 1999 at 12:00 p.m.

On May 14, 1999, the debtor, through Ms. O'Neil, submitted a response to the order to show cause, to which were attached copies of a general durable power of attorney and two letters from the debtor's doctors describing her current medical condition. A hearing was held on May 17, 1999 at which the debtor's attorney, Ms.

O'Neil, and the United States Trustee appeared.

## II. DISCUSSION

### A. Legal Analysis

■ At issue is whether an attorney in fact can commence a case under the Bankruptcy Code. Although commencement of a case under the Bankruptcy Code through an attorney in fact is unusual, the Court holds that an attorney in fact can commence a bankruptcy case so long as the debtor qualifies as a debtor under 11 U.S.C. § 109, the commencement of a bankruptcy case is within the scope of authority granted to the attorney in fact, and such action by the attorney in fact does not constitute the practice of law. *See* Fed.R.Bankr.P. 9010(a)(2) ("A debtor ... may ... perform any act not constituting the practice of law, by an authorized agent, attorney in fact, or proxy."); *In re Gridley,* 131 B.R. 447, 449 (Bankr.D.S.D. 1991) ("Bankruptcy Rule 9010 allows an attorney at law, an agent, or an attorney in fact to act on behalf of the debtor.... [A] debtor's voluntary Chapter 7 bankruptcy petition can be filed by an agent created through a power of attorney by the debtor-principal ...."); *but see In re Smith,* 115 B.R. 84, 85 (Bankr.E.D.Va.1990) (denying the petitioners' request to permit a debtor to file his bankruptcy petition through his wife by virtue of her power of attorney and indicating that the debtor may file his petition by means of a court-appointed guardian having specific authorization to file bankruptcy on his behalf).

■ When a case is commenced under a power of attorney, certain minimum requirements must be satisfied to insure that the petition is properly filed. First, the petition, schedules, statements, and other documents filed in the case must be prop-

---

1. "The validity of a petition is a threshold question in determining a bankruptcy court's jurisdiction over a case." *In re Brown,* 163 B.R. 596, 597 (Bankr.N.D.Fla.1993). The Court may on its own initiative examine the issue pursuant to its equitable powers under 11 U.S.C. § 105. *See id.*

erly executed by the attorney in fact in a manner which reflects the representative capacity of the attorney in fact. *See In re Brown*, 163 B.R. 596, 598 (Bankr.N.D.Fla. 1993) (holding that the petition was a legal nullity in part because the signature on the petition was forged by the debtor's wife without providing any indication that the document was signed by her in a representative capacity); *In re Harrison*, 158 B.R. 246, 248 (Bankr.M.D.Fla.1993) ("[T]his Petition was signed by a non-Debtor without indicating that it was signed in any representative capacity and, therefore, the Petition is nothing but a legal nullity and subject to dismissal.").

█ Second, a copy of the power of attorney under which the attorney in fact is acting must be filed with the petition. Where the debtor is represented by counsel, counsel's signature on the petition and the filing of the copy of the power of attorney with the petition constitute a certification by counsel under Federal Rule of Bankruptcy Procedure 9011 that (a) counsel has seen the original power of attorney, (b) that the copy filed with the Court is a true copy, (c) the commencement of the case by the attorney in fact is within the authority granted under the power of attorney, (d) the execution of the petition by the attorney in fact does not constitute the practice of law, and (e) that counsel is not aware of any facts or circumstances that could lead a reasonable person to conclude that the authority of the attorney in fact under the power of attorney has been revoked by the debtor or terminated by operation of law. If the debtor is not represented by counsel, an order to show cause shall issue and the attorney in fact shall appear at the hearing with the original power of attorney.

Third, the attorney in fact shall appear at the first meeting of creditors and the trustee shall require the attorney in fact to state on the record the reasons necessitating the commencement of the case under a power of attorney.

Fourth, counsel or the attorney in fact shall file with the petition the current mailing address for the debtor. The Clerk shall serve a copy of the Notice of Commencement of Bankruptcy Case (Official Form 9) on the debtor at that address. *See In re Ballard*, Case No. I–87–00718, 1987 WL 191320, at *1 (Bankr.N.D.Cal. 1987) (ordering the clerk to immediately mail notice to the debtor that a petition was filed for him using the power of attorney held by his wife). Where such service cannot be accomplished, the Court may order such further action as is necessary to insure that the debtor is advised of the commencement of the case under the power of attorney.

### B. Application of Law to Facts of Present Case

█ In this case, it is clear that Ms. Hurt is qualified to be a debtor under 11 U.S.C. § 109. As for the other minimum requirements that must be met in order to insure that the petition filed by Ms. O'Neil on the debtor's behalf was properly filed, the Court finds that these requirements have been met. Ms. O'Neil signed the petition, statement of affairs, schedules, and statement of intention, "Sandra O'Neil as attorney in fact for Pauline S. Hurt," and thus clearly indicated that she was acting in her representative capacity. In addition, counsel for the debtor appeared at the show cause hearing and certified that he had seen the original power of attorney executed by the debtor, that the copy filed with the Court was a true copy, that the commencement of the case was within the authority granted under the power of attorney, that the execution of the petition by Ms. O'Neil did not constitute the practice of law, and that he was unaware of any facts or circumstances that could lead a reasonable person to conclude that the power of attorney executed by the debtor had been revoked or terminated by operation of law. The power of attorney granted broad authority to the attorney in fact over the debtor's financial affairs and the authority to "commence and prosecute,

defend or settle ... all actions or proceedings in which I have or may have any interest or concern." The Court finds that the grant of such broad authority over financial and legal affairs includes the power to commence a bankruptcy proceeding. Further, Ms. O'Neil was present at the show cause hearing and was prepared to attend the first meeting of creditors scheduled for later in the afternoon on May 17, 1999. Lastly, the Clerk has, or will simultaneously with the issuance of this memorandum opinion and order, serve a copy of the Notice of Commencement of Bankruptcy Case (Official Form 9) on the debtor at the address provided by counsel at the hearing.

## III. CONCLUSION

Because the Court is satisfied that the requirements set forth above for filing a petition by an attorney in fact have been met in this case, the order to show cause is discharged. This opinion and order constitutes the Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052.