**In re Penny HURFORD, Debtor.**

**No. 02–55577–R.**

United States Bankruptcy Court,
E.D. Michigan,
Southern Division.

March 19, 2003.

Kim Morden Rattet, Bingham Farms, MI, for creditor.

Gary D. Dodds, Birmingham, MI, Mark P. McLoughlin, Detroit, MI, for debtor.

**300**

*Opinion Regarding Order to Show Cause*

STEVEN W. RHODES, Chief Judge.

On September 5, 2002, the Court issued an order to show cause why attorney Gary D. Dodds should not be held in contempt and sanctioned for, in part, forging the debtor's signature on the bankruptcy petition, the Rule 2016(b) Statement, and the Bankruptcy Petition Cover Sheet. The Court conducted a hearing on October 31, 2002, and requested a brief from Dodds on the issue of his signing his client's name. The hearing was adjourned to December 12, 2002. Following the December 12, 2002, hearing, the Court took the matter under advisement.

## I.

Fed. R. Bankr.P. 1008 provides:

All petitions, lists, schedules, statements and amendments thereto shall be verified or contain an unsworn declaration as provided in 28 U.S.C. § 1746.

Fed. R. Bank. P. 1008.

28 U.S.C. § 1746 provides:

Wherever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same (other than a deposition or an oath of office, or an oath required to be taken before a specified official other than a notary public), such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form

. . .

(2) If executed within the United States, its territories, possessions, or commonwealths: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature)."

28 U.S.C. § 1746.

Dodds argues that an attorney is permitted to sign a document on behalf of his client. However, this authority does not address the specific requirements of Rule 1008 that the petition and schedules be verified. Dodds did not sign his name on behalf of his client; he signed his client's name. 28 U.S.C. § 1746 specifically requires the signature of the person making the declaration.

In *In re Brown*, 163 B.R. 596 (Bankr. N.D.Fla.1993), a petition was filed bearing the signature of Berton Brown. However, it was later determined that the signature was actually that of Derlie Brown, the debtor's wife. Mrs. Brown had apparently signed the petition pursuant to a general power of attorney, however, the petition did not indicate that it was signed by Mrs. Brown in her representative capacity. On the issue of the validity of the petition, the court stated:

The filing of bankruptcy petition is a serious act which necessarily involves exposing the financial and legal affairs of the petitioner to all interested parties in a public forum. The filing of the petition, while offering relief to beleaguered debtors, also carries a long lasting stigma in our society. In addition, the completion of the debtor's schedules frequently requires information that is only available from the debtor. For these reasons courts have been reluctant to permit a party other than the debtor to sign and file a petition under a power of attorney absent extraordinary circumstances.

The most commonly occurring circumstance warranting the acceptance of a petition signed by a non-debtor involves members of the armed services. The typical situation involves a power of attorney appointing a spouse or family member to conduct the serviceman's affairs while on duty in remote parts of the world. The rationale supporting these cases can be fairly summarized by stating that the need to conduct the debtor's affairs and the inability of the individual to do so while far from home necessitates the filing of a petition under a power of attorney. There is also a line of cases which permits a court-appointed guardian to file a petition on behalf of a disabled person. However, these cases generally require express authority to file a bankruptcy petition from the court making the appointment.

*Id.* at 597–98 (citations omitted).

Here, Dodds did not indicate that he was signing the debtor's name in a representative capacity. Nor did Dodds obtain authority from the Court to sign his client's name on her behalf.

In *In re Harrison,* 158 B.R. 246 (Bankr. M.D.Fla.1993), the court dismissed a bankruptcy petition in which a non-debtor had signed the debtor's name. The court stated, "It takes no elaborate discussion to point out the obvious that no one can grant authority to verify under oath the truthfulness of statements contained in the documents and to verify facts that they are true when the veracity of these facts are unique and only within the ken of the declarant[.]" *Id.* at 248.

There are limited circumstances when courts have permitted a third party to sign a petition on behalf of the debtor. In *In re Ballard,* 1987 WL 191320 (Bankr. N.D.Cal.1987), the court permitted the debtor's wife to sign a chapter 13 petition on his behalf because he was in the army stationed in Europe and there was insufficient time to obtain his signature to stop a foreclosure action. *See also In re Hurt,* 234 B.R. 1 (Bankr.D.N.H.1999) (A petition could be commenced by a non-debtor under a power of attorney if the petitions and schedules reflect that they were executed by the non-debtor in his representative capacity and a copy of the power of attorney is filed with the petition.); *In re Gridley,* 131 B.R. 447 (Bankr.D.S.D.1991) (Petition was properly filed by incapacitated debtor's son who held power of attorney with specific authority to file bankruptcy petition.).

These cases demonstrate that only in very limited circumstances are the requirements of Rule 1008 and § 1746 are not strictly complied with. Strict compliance is also consistent with the legislative history of 28 U.S.C. § 1746. This section was enacted to permit the use of unsworn declarations given under penalty of perjury in lieu of affidavits. H.R. Rep. 94–1616, H.R.Rep. No. 1616, 94th Cong., 2nd Sess. 1976, 1976 U.S.C.C.A.N. 5644.

An affidavit or other written document that requires verification by the person signing it currently must be subscribed to under oath. This requires that the person signing the affidavit or document must be taken before someone legally authorized to administer oaths (usually a notary public). A person who falsely states something in a document he subscribed to under oath is subject to the penalty imposed by law for perjury.

The requirement that the person who signs an affidavit must appear before a notary and be sworn can be inconvenient. For example, it may be necessary for the document to be executed during other than normal business hours. Further, the document may have to be executed in another country for use in the United States. This generally will re-

quire, in addition to the document subscribed to under oath, additional certifications and documents to prove such things as the authority of the officer who administers the oath and the authenticity of his seal.

The legislation provides an alternative to affidavits and sworn documents when it is necessary to require verification of the truthfulness of what the document contains. The legislation will permit the signer to subscribe to a document that expressly provides that it is being executed subject to the penalties of perjury[.]

*Id.*

Allowing a debtor to sign a document under penalty of perjury instead of under oath does not eliminate the requirement that the debtor personally sign the document. Accordingly, the Court concludes that Rule 1008 and 28 U.S.C. § 1746 require the debtor to personally sign the petition, Bankruptcy Petition Cover Sheet, and Rule 2016(b) Statement. Dodds's actions of signing the debtor's name was improper. The Court will schedule a further hearing to determine the appropriate sanctions.