**In re Leroy WASHINGTON, Debtor.**

**No. 03–15345–BKC–RAM.**

United States Bankruptcy Court,
S.D. Florida.

Aug. 4, 2003.

Diane Boyer, Mulberry, FL, Susan G. Harrison, Tampa, FL, for creditor.

Steven M. Busch, Esq., Hollywood, FL, for debtor.

### ORDER (1) DISMISSING BANKRUPT-CY CASE; (2) EXPUNGING CASE; AND (3) SANCTIONING ATTORNEY STEVEN M. BUSCH AND REAL ESTATE BROKER, JOSEPH KURUVILA

ROBERT A. MARK, Chief Judge.

This Chapter 13 case presents the disturbing situation in which a debtor's signature is forged on the bankruptcy petition. The facts were presented in a Motion to Dismiss for Fraudulent Filing (the "Motion to Dismiss") filed by the above-named debtor, Leroy Washington ("Washington" or the "Debtor"). For the reasons that follow, the Court finds that the case should be dismissed, the Court record of the filing expunged, and the participants in the fraud sanctioned.

### Factual and Procedural Background

This case was commenced by the filing of a Chapter 13 petition (the "Petition") on May 22, 2003. The petition was signed by Steven M. Busch, Esquire ("Busch"), as counsel for the Debtor, and also bears the signature "Leroy Washington." The case was filed on the day scheduled for a foreclosure sale of the Debtor's property in Case Number 03–637–CA–05, Circuit Court, Miami–Dade County, Florida (the "Foreclosure Case"). Attorney Busch also signed and filed on May 22, 2003, a Suggestion of Bankruptcy in the Foreclosure Case:

The timing of the bankruptcy filing is not uncommon. Many Chapter 13 cases are filed to stop foreclosure sales with the intention of curing or paying off the mortgage in a Chapter 13 plan. The important and troublesome distinction here is that this Debtor did *not* sign the Petition. As discussed in greater detail below, the Debtor's signature was forged by a real estate broker, Joe Kuruvila ("Kuruvila")

On June 17, 2003, Attorney Sabrina Chassagne ("Chassagne") filed the Motion to Dismiss. On June 23, 2003, the Court entered its Order Setting Hearing to Investigate Claim of Fraudulent Filing, scheduling a hearing on July 8, 2003, to consider the Motion to Dismiss. Since Attorney Busch filed the case, the Order Setting Hearing required Busch to appear at the July 8th hearing to address the allegation in the Motion to Dismiss that Washington did not sign the Petition.

The Debtor, who resides in Georgia, drove to Miami to attend the hearing at which he was represented by Chassagne. Busch also appeared at the July 8th hearing, together with Kuruvila. Busch introduced into evidence a Power of Attorney allegedly executed by Leroy and Gloria Washington, appointing Kuruvila attorney-

in-fact for purposes of a possible sale of their home, and "to file bankruptcy to stop foreclosure sale." Respondent Busch's Exhibit 2. Kuruvila testified that he signed Washington's name on the Petition. Busch argued that based upon the authority granted in the Power of Attorney, Kuruvila was authorized to sign the Petition and the filing of the case was proper.

The Debtor testified and denied executing the Power of Attorney. His testimony seemed confused on this point and, more likely than not, the Debtor did execute the Power of Attorney. Washington did admit that he had retained Kuruvila at some point to pursue a sale of his house which was the subject of the Foreclosure Case.

Kuruvila claimed that he filed the bankruptcy case with Washington's knowledge and consent to stop the foreclosure sale. The Court did not find this testimony credible. Instead, the Court believed Washington's testimony that he did not authorize Kuruvila to file the bankruptcy case on his behalf, since it appeared that a sale of the home would not realize any proceeds over and above the existing mortgage. Therefore, the Debtor was prepared to allow the foreclosure sale to be completed.

### Discussion

■ Even if the Power of Attorney was executed by the Debtor, Busch and Kuruvila acted improperly. Although an attorney-in-fact can execute a bankruptcy petition on behalf of a debtor, under Fed. R.Bank.P. 9010, the attorney-in-fact must execute it as attorney-in-fact. In this case, Kuruvila simply forged the Debtor's signature on the Petition. Busch then filed the Petition with the forged signature, knowing that it was signed by Kuruvila and not by Washington. Busch also violated Rule 2016, Fed.R.Bankr.P., by his failure to file a Rule 2016 Statement, indicating the

amount of fees he received and who paid them. Had Busch filed an accurate 2016 Statement, it would have reflected that Kuruvila, not the Debtor, paid his attorney fee.

■ When a case is commenced by the filing of a petition executed by an individual acting for the debtor under a Power of Attorney, certain minimum requirements must be satisfied to ensure that the petition is properly filed. In particular, the petition must be properly executed by the attorney-in-fact in a manner which reflects the representative capacity of the attorney-in-fact. *In re Hurt,* 234 B.R. 1 (Bankr.D.N.H.1999). A petition is a legal nullity if the signature on the petition is forged, even if the party forging the signature had a Power of Attorney, if there was no indication that the document was signed in a representative capacity. *See, In re Brown,* 163 B.R. 596, 598 (Bankr.N.D.Fla.1993); *In re Harrison,* 158 B.R. 246, 248 (Bankr.M.D.Fla.1993).

■ In this case, Kuruvila did not sign his name as attorney-in-fact. Instead, he simply forged the Debtor's name. Busch then filed the Petition with no indication in any document that Kuruvila, not the Debtor, signed the Petition and paid the attorneys fees. Therefore, based upon the law discussed above, the filing was a legal nullity.

The Motion to Dismiss will be granted and the filing expunged. The Court also finds it appropriate to sanction both Attorney Busch for, among other things, knowingly filing a petition with a forged signature, and Kuruvila, for forging the Debtor's signature rather than signing his name as attorney-in-fact for the Debtor. At the conclusion of the hearing, the Court announced that it was imposing sanctions and directed Chassagne to file a statement setting forth her attorneys fees

for preparing, filing and prosecuting the Motion to Dismiss and listing any costs incurred by the Debtor in traveling from Georgia to attend the hearing.

On July 17, 2003, Chassagne filed a Notice of Filing Invoice Containing Client Fees and Expenses. The "invoice" lists Attorney's fees of $750, a $55.00 charge for service of a witness subpoena, and $199.80 in travel expenses incurred by Washington consisting of $36.00 in tolls, $50.00 for food, and $113.80 for gas. The fees and travel expenses total *$1,004.80*. The Court finds all of these fees and expenses to be reasonable. Based upon the foregoing, it is—

**ORDERED** as follows:

1. This case is dismissed.

2. Absent further order, the Court file for this case is SEALED.

3. The Clerk of the Court is directed to expunge this case from the Court's automated systems.

4. Attorney Chassagne is directed to furnish a copy of this Order, on behalf of Leroy Washington, to all credit reporting agencies listed below and to any other party who may otherwise have relied on the filing of this bankruptcy case in connection with credit decisions or credit information concerning Leroy Washington. Any such party receiving a copy of this Order shall specifically correct its records to delete any reference in Leroy Washington's credit history to this improperly filed bankruptcy case:

A. Experien
Profile Maintenance
P.O. Box 9558
Allen, Texas 75013

B. Trans Union Corporation
Attn: Public Records Dept.
555 West Adams Street
Chicago, IL 60661

C. Equifax

P.O. Box 144717
Orlando, Florida 32814

5. Attorney Steven M. Busch, Esquire, and Joseph Kuruvila are sanctioned *$1,004.80*. Judgment is hereby entered against them jointly and severally for this amount in favor of Leroy Washington, for which let execution issue.

6. In addition to the monetary sanction, the Court will be transmitting a copy of this Order with the appropriate forms to the Department of Business and Professional Regulation, Division of Real Estate, Bureau of Enforcement, to consider whether the conduct of Broker, Joseph Kuruvila, should be investigated. A copy of this Order will also be forwarded to the Florida Bar to conduct whatever inquiry it deems appropriate with respect to the conduct of Attorney Steven Busch.