## VI. Order

A separate Order will be entered contemporaneously with this Memorandum Opinion.

**IN RE Debra WHITEHILL, Debtor.**

**Case No. 6:13–bk–08834–KSJ**

United States Bankruptcy Court,
M.D. Florida,
Orlando Division

Signed August 12, 2014

K. Hunter Goff, K. Hunter Goff PA, Clermont, FL, for Spec. Counsel.

John H. Meininger, III, John H. Meininger III PA, Orlando, FL, for Trustee.

Samuel R. Pennington, Tavares, FL, Christopher J. Shipley, Shipley Law Firm, Mount Dora, FL, for Debtor.

Chapter 7

## *ORDER SANCTIONING ATTORNEY CHRISTOPHER J. SHIPLEY*

KAREN S. JENNEMANN, Chief
United States Bankruptcy Judge

Since January 1, 2013, Christopher J. Shipley, an experienced consumer bankruptcy lawyer, has filed 138 cases with attendant schedules and statements and 82 amended schedules under penalty of perjury without first obtaining his clients review or signature. His actions justify the sanctions awarded in this Order.

On March 19, 2014, this sad saga started when one of Shipley's clients, the Debtor in this case, Debra Kae Whitehill, testified that she did not review or sign several amendments to her schedules and statement of financial affairs (the "Amendments").[1] Shipley admittedly filed these Amendments without his client's review or signature using an altered Declaration Under Penalty of Perjury for Electronic Filing ("DEF").[2] The Court later struck

---

1. Doc. Nos. 20, 21, 24, and 25.

2. *See* Doc. No. 43, Exhibit B. Former Local Rule 9011–4(e), eliminated by amendment effective July 1, 2013, "required attorneys to file a Declaration Under Penalty of Perjury for Electronic Filing for any verified paper that

these fraudulent amendments.[3]

Shipley clearly knew that the Debtor was required to sign the Amendments under penalty of perjury. Pursuant to Local Rule 5003–1(d), Shipley further was required not only to obtain the Debtor's physical signature after their review but also to keep the "originally signed and verified paper form ... for a period of four (4) years after the closing of the case or proceeding in which the document or paper is filed." [4] Shipley obviously did not comply with this requirement.

Given the seriousness of Shipley's breach of his professional duty to his client and to this Court, on April 1, 2014, I entered an Order to Show Cause and Appointment of Special Master directing K. Hunter Goff to physically review the files Shipley maintained for every bankruptcy case filed from January 1, 2013 to the date of his review, April 15, 2014.[5]

Mr. Goff timely filed his Report concluding that Shipley, prior to the evidentiary hearing in this case on March 19, 2014, never asked a single client to review completed petitions, schedules, statements or amendments, all to be filed under penalty of perjury.[6] Rather, Shipley asked each client to sign a "blank" DEF form, which he then altered to file papers that indicated the Debtor had signed the document "under penalty of perjury" and that the information was "true and correct to the best of [the Debtor's] knowledge and be-

lief." [7] As Mr. Goff confirmed, "At the time the new client signed this document none of the original documents the client attested to have signed and reviewed actually existed." [8] Further, although Shipley and his employees agreed that "the client was usually made aware of the contents of the verified documents described in the altered DEF by a member of Shipley's staff," the client never actually reviewed or signed the petition or amendments before Shipley filed them.[9]

The Special Master's Report also stated that after the entry of the Order to Show Cause, Shipley belatedly attempted to get his clients to come in to review and to sign the documents already filed on their behalf. As of April 15, 2014, 41 clients had come to his office. Later, others followed. The infraction, however, remains unchanged by this belated attempt to correct his earlier errors.

Shipley agrees that he filed at least 138 bankruptcy cases and 82 amended schedules without allowing the client to review or to sign their own schedules or statements. In most cases, Shipley relied on a blank DEF form. In two cases, however, Shipley relied on a blank DEF form from earlier filed cases.

At a hearing held on July 1, 2014, Shipley agreed with the conclusions reached by the Special Master in his Report. Shipley argues he or his staff only used informa-

---

was not filed with an original signature." Notes of Advisory Committee to Local Rule 9011–4. However, the elimination of the form's use does not in any way affect the outcome of this case or the requirements of Bankruptcy Rule 1008 and Local Rule 5003–1(d).

3. Doc. No. 36.

4. Local Rule 5003–1(d).

5. Doc. No. 30.

6. Doc. No. 43. As Shipley admits in his response, "[T]he documents were filed using the escrowed [DEF] in the clients' file and his CM/ECF name and password without those documents having first been approved by either himself or his client." Doc. No. 48 at 3.

7. Doc. No. 43, Exhibit B.

8. Doc. No. 43 at 7.

9. Doc. No. 43 at 7.

tion supplied by their clients. That certainly did not prove true in this Debtor's case, based on her testimony at the hearing on March 19, 2014, which varied significantly from the information contained in the now stricken Amendments. Nor is there any kind of credible proof that Shipley contacted his other clients when he filed the 82 other amended schedules or, indeed, whether he properly included their correct financial information when the original schedules and statements were filed.

Shipley next argues that he was unclear about his obligations to get original signatures and then to maintain copies of properly completed DEF forms for 4 years pursuant to Local Rule 5003–1(d). As he stated in his Response, "It is very important to note that Attorney Shipley, in his view, believed that the maintenance of these signatures met the requirements for wet signatures under the Local Rules." [10] To this, a very astounded Court can hardly countenance a reply. How could any attorney believe that it was acceptable to file pleadings under penalty of perjury without first allowing the client to look at the pleading and to sign it?

Shipley clearly and admittedly violated Local Rule 5003–1(d), which states:

A document filed electronically that is required to be signed under penalty of perjury ("Verified Document"), or that requires an original signature other than the signature of the Electronic Filing User, shall be maintained in the originally signed and verified paper form by the Electronic Filing User for a period of four (4) years after the closing of the

case or proceeding in which the document or paper is filed.[11]

The Special Master reviewed 138 of Shipley's cases in which he filed verified documents. In every single instance, Shipley failed to comply with Local Rule 5003–1(d). Roughly 40 petitions and schedules contained clients' undated signatures, but Shipley admits these signatures were procured post-petition, after he became aware of the Court's concerns. His remedial actions do not help his cause. The entire point of the rule is for the debtor's attorney to retain the document "in the *originally signed and verified paper form*." [12] Shipley never had his clients sign and verify the petitions and schedules before he filed them, so remedial compliance with Local Rule 5003–1(d) is impossible. Likewise, Shipley's case files did not contain signed originals of the amendments to schedules he filed for clients in 82 cases. The only "wet signatures" in any of the 138 case files were the altered DEF forms. Shipley plainly violated Local Rule 5003–1(d) and Local Rule 9011–4(f), which requires attorneys to produce maintained originals at the Court's request.

The purpose of the altered DEF method was to misrepresent to the Court that the debtor had reviewed and verified the accompanying documents. Bankruptcy Rule 1008 requires that "[a]ll petitions, lists, schedules, statements and amendments thereto shall be verified or contain an unsworn declaration as provided in 28 U.S.C. § 1746." [13] The fraudulent DEFs represented that: 1) the debtor signed the documents accompanying the DEF under the

10. Doc. No. 48 at 2.

11. Local Rule 5003–1(d).

12. Local Rule 5003–1(d) (emphasis added).

13. Fed. R. Bankr.P. 1008. *See also* Local Rule 1009–1(c) ("Amendments [to schedules, petitions, lists, and statements of financial affairs] shall be executed and verified under penalty of perjury by the debtor and attorney of record in the same manner that the item being amended was originally executed.").

penalty of perjury; 2) the information in the documents were true and correct to the best of the debtor's knowledge and belief; and 3) the debtor consented to electronic filing of the documents.[14] Because the altered DEF was created before the accompanying documents were even in existence, the altered DEF "falsely and fraudulently represented on their face that they had been reviewed by the clients and verified as truthful under penalty of perjury."[15] Further, the altered DEF represented that the client reviewed and signed the originals–an unequivocally false statement.

■ Bankruptcy Rule 9011 requires attorneys to sign many documents, but, when read in conjunction with Bankruptcy Rule 1008, Rule 9011 "specifically prohibits attorneys from signing a debtor's name to the lists, schedules and statement of financial affairs."[16] The filing of a petition, schedules, or amendments of schedules with a debtor's purported signature where the debtor never reviewed or signed the document violates Bankruptcy Rule 9011 because "there could not have been a belief that the filing of a petition with what amounts to a forged debtor's signature (or a petition with no signatures for that matter) was proper or warranted under existing law or a good faith argument to extend the law."[17] "[T]he debtor's signature on the original bankruptcy petition does more than simply authorize the petition's filing; it also verifies, under penalty of perjury, that the information in the petition is correct."[18]

■ The altered DEF, which represented that Shipley's clients had verified the documents listed on the DEF when they had not, similarly violated Bankruptcy Rule 9011—Shipley could not have believed this practice was proper or warranted under existing law or a good faith argument to extend the law.[19] Shipley's practice of affixing a client's prior signature to amendments of their schedules, effectively misrepresenting that the client had reviewed the information contained in those documents and that the information was accurate and truthful, amounted to forging his client's signature on those documents.

The importance of debtors actually reviewing petitions, schedules, lists, and any amendments cannot be minimized, for both practical and policy reasons. Practically speaking, as the late Judge Alexander Paskay stated, "[i]t takes no elaborate discussion to point out the obvious that no one can grant authority to verify under oath the truthfulness of statements contained in the documents and to verify facts that they are true when the veracity of these facts are unique and only within the ken of the declarant."[20] That is, logically speaking, a debtor's attorney simply cannot file a document with the statement that his client has affirmed the truth of the matters asserted in the pleading without the client

14. *See* Doc. No. 21–1; Doc. No. 43, Exhibit B.

15. *In re Rich*, 10–64847–B–7, 2012 WL 8249563 (Bankr.E.D.Cal. Aug. 29, 2012).

16. *In re Wenk*, 296 B.R. 719, 727 (Bankr. E.D.Va.2002). *See* Fed. R. Bankr.P. 9011(a) ("Every petition ... and other paper, *except a list, schedule, or statement, or amendments thereto,* shall be signed by at least one attorney of record in the attorney's individual name."); Fed. R. Bankr.P. 1008.

17. *Wenk*, 296 B.R. at 728.

18. *In re Phillips*, 433 F.3d 1068, 1071 (8th Cir.2006).

19. Fed. R. Bankr.P. 9011(b)(2).

20. *In re Harrison*, 158 B.R. 246, 248 (Bankr. M.D.Fla.1993).

actually having reviewed the document.[21] Merely providing the client a copy after or concurrent with the document's filing does not suffice.

■■■ At bottom, the Court's primary concern is more fundamental. The Bankruptcy Code and the integrity of the Bankruptcy Court relies on debtors providing honest and accurate information regarding their financial affairs before they can reap the substantial benefits of a discharge. As discussed above, the law is quite clear that debtors, not their attorneys alone, must review the petition, schedules, lists, and all amendments and verify that the information is accurate. The Court in turn relies on these verifications when denying a dishonest debtor's discharge or forwarding a criminal referral for perjury to the U.S. Attorney for prosecution.

For example, Section 727(a)(4)(A) provides that a debtor shall not receive a discharge where he "knowingly and fraudulently, in or in connection with the case, makes a false oath." [22] An omission from a debtor's schedules or statement of financial affairs can constitute a false oath under § 727(a)(4).[23] Quite obviously, this provision relies on the debtor actually reviewing and then swearing to the accuracy of his schedules. If a debtor's attorney signs and files the schedules on his client's behalf without his client first reviewing them and then signing originals, then the provision loses its efficacy.

To avoid any further misunderstanding by any attorney, here are the rules:

1. Attorneys must ensure that the debtor has verified or signed under the penalty of perjury "[a]ll petitions, lists, schedules, statements and amendments thereto" consistent with the requirements of Bankruptcy Rule 1008.[24]

2. If the debtor's attorney electronically files the documents signed under the penalty of perjury pursuant to Bankruptcy Rule 1008, the debtor's attorney must maintain those documents "in the originally signed and verified paper form by the Electronic Filing User for a period of four (4) years after the closing of the case or proceeding in which the document or paper is filed." [25]

3. When filing a document electronically that requires the debtor's signature, the debtor's attorney must comply with Local Rule 9011–4(d) by either submitting a scanned copy of the document containing the required signature or including the "Filer's Attestation" as described under the Local Rule.[26] Use of the "Filer's Attestation" does not absolve the attorney from ensuring compliance with Bankruptcy Rule 1008.[27]

■■■ In this case, Shipley, an experienced and otherwise well respected consumer lawyer who files multiple bankruptcy cases before this Court, has operated in a totally unacceptable and unprofessional

---

**21.** *In re Wenk,* 296 B.R. 719, 727 (Bankr. E.D.Va.2002) ("Logic dictates that only the debtor can state under oath that the information provided in his or her petition is true and correct.").

**22.** 11 U.S.C. § 727(a)(4)(A); *Chalik v. Moorefield (In re Chalik),* 748 F.2d 616 (11th Cir. 1984).

**23.** *See, e.g., In re Phillips,* 476 Fed.Appx. 813, 816 (11th Cir.2012); *Chalik,* 748 F.2d 616.

**24.** Fed. R. Bankr.P. 1008.

**25.** Local Rule 5003–1(d).

**26.** Local Rule 9011–4(d).

**27.** Fed. R. Bankr.P. 1008.

fashion for years. The Court now is faced with the very difficult task of fashioning appropriate sanctions for this conduct. Many avenues exist to impose sanctions. Bankruptcy Rule 9011(c) allows the Court to impose sanctions "sufficient to deter repetition of such conduct [found to violate Bankruptcy Rule 9011] or comparable conduct by others similarly situated." [28] Local Rule 9011–3 likewise empowers the Court to impose sanctions for failure to comply with the local rules.[29]

■■■■■ A bankruptcy court also can impose sanctions by invoking its statutory powers conferred by § 105(a) of the Bankruptcy Code. Section 105(a) provides:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.[30]

This section provides bankruptcy courts with the "broad power to implement the provisions of the bankruptcy code and to prevent an abuse of the bankruptcy process, which includes the power to sanction counsel." [31] The word "any," as used in § 105(a), should be construed broadly and only is limited to those orders that are "necessary and appropriate" to carry out the Bankruptcy Code.[32] The Court finds,

under these circumstances, an order imposing sanctions is necessary to carry out the provisions of the Code and Rules. Ensuring that debtors actually sign and review the accuracy of their schedules and amendments, as is required by the Bankruptcy Code, surely preserves the integrity of the bankruptcy system. Further, separate and distinct from a bankruptcy court's statutory powers under § 105(a), federal courts have the inherent power to sanction attorneys for conduct which abuses the judicial process.[33]

For the reasons explained in this decision, the Court finds that the following sanctions are warranted under Bankruptcy Rule 9011(c), Local Rule 9011–3, and the Court's statutory power conferred by 11 U.S.C. § 105(a):

1. Shipley shall pay the Special Master's fees and costs of $13,992.75 in the manner agreed to by the parties and ordered by the Court.[34]

2. Shipley shall pay sanctions in the amount of $2,000.00 to a charitable organization organized to assist unrepresented parties, such as the Bankruptcy Legal Educational Series, c/o Andrew Roy, 390 N. Orange Avenue, Suite 1500, Orlando, Florida 32801, or Legal Aid Society of the Orange County Bar Association, 100 East Robinson Street, Orlando, Florida 32801, on or before **July 3, 2015.**

3. Shipley shall take at least ten hours of continuing legal education courses

---

28. Fed. R. Bankr.P. 9011(c)(2).

29. Local Rule 9011–3.

30. 11 U.S.C. § 105(a).

31. *In re Clark,* 223 F.3d 859, 864 (8th Cir. 2000).

32. *Jove Engineering, Inc. v. I.R.S. (In re Jove Engineering, Inc.),* 92 F.3d 1539, 1554 (11th Cir.1996).

33. *In re Evergreen Sec., Ltd.,* 384 B.R. 882, 931 (Bankr.M.D.Fla.2008) (citing *Chambers v. NASCO, Inc.,* 501 U.S. 32, 43, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991)).

34. Doc. No. 51.

awarding attorney ethics credit by **July 3, 2015.**

4. Shipley shall prepare, facilitate, and obtain ethics credit from The Florida Bar for a 50–minute continuing legal education course focusing on an attorney's duty under Bankruptcy Rules 1008 and 9011 and Local Rules 9011 and 5003. Shipley shall videotape this program (with the Court's assistance) for viewing by bankruptcy attorneys throughout the Middle District of Florida.

5. Shipley shall strictly comply with all ethical requirements as outlined in the Order.

6. Shipley, on a monthly basis, shall present to Kathy Deetz, Deputy in Charge of the Orlando Division, or her designee, the original signatures of his clients (the "wet signatures") in every case filed from August 1, 2014 through June 30, 2015.

7. Shipley shall appear before this Court at **3:30 p.m. on July 28, 2015,** to demonstrate compliance with this Order. If Shipley fails to timely perform any item, the Court will suspend his admission to practice before this Court.

8. This Court will retain jurisdiction over all matters arising from or relating to the implementation of this Order.

DONE AND ORDERED in Orlando, Florida, on August 12, 2014.