In re John Thomas RICE, Sheila Avery Rice, Debtors.

No. 14–58002–MHM.

United States Bankruptcy Court, N.D. Georgia, Atlanta Division.

Signed Oct. 29, 2014.

Filed Oct. 30, 2014.

Colleen L. Golden, Stanley J. Kakol, Jr., C. Golden & Associates, Lithonia, GA, for Debtors.

Adam M. Goodman, Atlanta, GA, for Trustee.

R. Jeneane Treace, Office of the United States Trustee, Atlanta, GA, for U.S. Trustee.

## ORDER ON MOTION TO DISMISS

MARGARET H. MURPHY,
Bankruptcy Judge.

This case is before the court on an *Objection to Confirmation and Motion to Dismiss* filed by the Chapter 13 Trustee ("Trustee") June 10, 2014 (Doc. No. 36, supplemented by Docs. No. 38, 49, and 51) (as supplemented, the "Motion to Dismiss") and Debtors' *Motion to Ratify Signature* filed July 23, 2014 (Doc. No. 48) (the "Motion to Ratify"). This case was initiated when Debtors' counsel, Stanley Kakol of C. Golden & Associates, LLC ("Kakol"), electronically uploaded a joint petition for relief under Chapter 13 of the Bankruptcy Code April 23, 2014. Kakol filed May 16, 2014, a *Financial Power of Attorney,* executed by Debtor John Thomas Rice ("Mr. Rice") January 2, 2014, purporting to grant Debtor Sheila Avery Rice ("Mrs. Rice") general authority to serve as agent for Mr. Rice with regard to financial transactions (Doc. No. 19) (the "First POA"). Concurrently, Kakol filed an *Amended Financial Power of Attorney,* executed by Mr. Rice May 5, 2014, purporting to grant Mrs. Rice authority to retain attorneys, file a bankruptcy case, and "sign whatever bankruptcy petition, form, schedule, or other paperwork necessary to effect such bankruptcy filing" (the "Amended POA"). The Amended POA further states, "it has always been my understanding that [the] January 2, 2012 Financial Power of Attorney gave my agent the power to file a bankruptcy on my behalf." However, as the Trustee notes in the Motion to Dismiss, the petition initiating this case, as well as the *Application to Pay Filing Fee in Installments* filed with the petition, appear to be

signed by each Debtor in their individual capacities.[1] Moreover, Trustee asserts that Mr. Rice and Mrs. Rice appeared at the § 341 meeting of creditors and testified to having signed the petition individually. In the Motion to Ratify, Debtors implicitly[2] acknowledge that Mr. Rice did not sign the petition and seek to ratify the signature of Mr. Rice on the petition. Shortly after Debtors filed the Motion to Ratify, Trustee supplemented the Motion to Dismiss, seeking an order dismissing the case as void with respect to Mr. Rice. The Motion to Dismiss also seeks a reduction in Kakol's fees.

Hearing on Trustee's Motion to Dismiss was held August 21, 2014. At the hearing, Kakol was directed to file an affidavit explaining how Debtors' petition was signed and filed, and to file a brief showing cause why this case should not be dismissed. Trustee was allowed an opportunity to respond to Debtors' brief.

Kakol filed an affidavit August 28, 2014, averring that Kakol advised Mrs. Rice April 18, 2014 that the First POA was flawed because it did not specifically allow her the power to file a bankruptcy case on her husband's behalf; nevertheless, in the face of imminent repossession of Debtors' vehicle, Kakol assisted Mrs. Rice in filing the joint petition April 23, 2014. In the affidavit, Kakol states that, prior to filing the petition, he had an "extended discussion" with Mr. Rice via telephone, discussing Mr. Rice's financial affairs, confirming that Mr. Rice believed the First POA conveyed to Mrs. Rice the power to file bankruptcy on his behalf, and advising Mr. Rice

that Kakol "would need to prepare an amendment to his [First POA] to specifically provide [Mrs. Rice] the power to file a bankruptcy case on his behalf." Kakol further states, "I wanted to stop the threat of repossession, but I also knew that I wanted John Rice himself to sign the remaining schedules and the statements." Kakol avers that he "mistakenly failed to notice that [Mrs. Rice] signed her husband's name to the Petition," apparently believing Mrs. Rice would have signed her own name for Mr. Rice, as agent for Mr. Rice. The petition, as filed, bears Debtors' electronic signatures—"/s/"—but Kakol presumably holds a copy of the petition with wet-ink signatures. *See* BLR 5005–7(b)(3).

Debtors oppose Trustee's Motion to Dismiss, asserting that a bankruptcy petition may be signed on a debtor's behalf by an agent under a power of attorney and that, even if the petition was initially defective, Mr. Rice's subsequent ratification of Mrs. Rice signing on his behalf "cures all ills." Trustee argues that the filing of a bankruptcy petition by proxy is inappropriate absent "extraordinary circumstances" not present in this case, that the First POA did not confer Mrs. Rice with the authority to file on Debtor's behalf, and that Mrs. Rice's "forgery" of Mr. Rice's signature renders the petition a "legal nullity." Moreover, Trustee argues that ratification is inappropriate in this case, because ratification is usually applied in cases to prevent a debtor from benefitting from bankruptcy while simultaneously avoiding the negative consequences of bankruptcy.

1. Because the petition was filed electronically, the signatures appear as "/s/" above the name of Kakol and each Debtor, as appropriate. *See* Bankruptcy Local Rule 5005–7 (N.D. Ga.).

2. The Motion to Ratify never states that Mr. Rice failed to sign the petition. Instead, it

recounts that Mr. Rice was out of state at the time the petition was filed, and that he had executed the First POA and the Amended POA. Indeed, the Motion to Ratify prays "that this Motion ... be filed, read, and considered [and] that this Motion ... be granted" without ever stating what relief is sought.

## I. Mrs. Rice's Forgery of Debtor's Signature is Void

█ Courts disagree as to how and when a proxy may file a bankruptcy petition on a debtor's behalf. *See, e.g., In re Raymond,* 12 B.R. 906 (Bankr.E.D.Va. 1981) (bankruptcy petition may *never* be filed by proxy); *In re Harrison,* 158 B.R. 246 (Bankr.M.D.Fla.1993) (discussing cases which allow proxy to file bankruptcy for active-duty military debtor); *In re Curtis,* 262 B.R. 619 (Bankr.D.Vt.2001) (agent under power-of-attorney may file bankruptcy petition for a debtor only when filing for bankruptcy is specifically provided in the power of attorney); *U.S. v. Spurlin,* 664 F.3d 954 (5th Cir.2011) (general power of attorney is sufficient to convey power to file bankruptcy petition), *cert. denied, Spurlin v. U.S.,* — U.S. ——, 133 S.Ct. 104, 184 L.Ed.2d 48 (2012). However, cases which do concede an agent's authority to sign a debtor's petition under a power of attorney generally require that the agent indicate that s/he is signing in a representative capacity. *In re O'Connor,* 2009 WL 1616105 (Bankr.N.D.Ohio February 27, 2009); *In re Washington,* 297 B.R. 662 (Bankr.S.D.Fla.2003); *In re Hurt,* 234 B.R. 1 (Bankr.D.N.H.1999) ("When a case is commenced under a power of attorney, certain minimum requirements must be satisfied," including that the signor's representative capacity is indicated on the petition, that the power of attorney be filed with the petition, and that the attorney-in-fact appear at the § 341 meeting of creditors and certify why such representative execution was necessary); *In re Brown,* 163 B.R. 596, 597–98 (Bankr. N.D.Fla.1993) (petition signed by non-debtor under power of attorney, without indication that the petition was signed in a representative capacity, was a legal nullity).

This court agrees with those courts which require that an agent's representative capacity be plainly indicated on the document signed. By signing her husband's name and failing to indicate her representative capacity, Mrs. Rice's execution of the petition initiating this case was nothing but a forgery.

## II. Mr. Rice's Ratification of the Bankruptcy Petition Warrants Denial of the Motion to Dismiss

█ Even courts which have disallowed execution of a debtor's name under a power of attorney have acknowledged that a debtor might be able to ratify the petition. *In re Brown,* 163 B.R. at 598 (noting that the debtor in that case did not have an opportunity to ratify the petition, because he died shortly after the petition was filed); *accord U.S. v. Spurlin,* 664 F.3d 954 (requiring that, any time a petition is filed by a non-debtor under a general power of attorney, the debtor must be contacted to ratify the bankruptcy case); *see, also, In re Sarfraz,* 2007 WL 7143085 (Bankr.N.D.Ga.2007) (J. Murphy) (allowing 14 days for a debtor to re-file documents filed by agent, or the case would be dismissed).

It appears to be undisputed that Mr. Rice intended this bankruptcy case be filed on his behalf. Of the documents Debtors were required to sign, Mr. Rice personally signed all but the petition and application to proceed *in forma pauperis.* Nothing in this case suggests that Mrs. Rice intended to deceive the court or knew that her acts were wrongful. To dismiss this case over the objection of Debtors would serve only to punish Debtors for a misstep they are not likely to revisit; in this instance, such a result in inappropriate.

## III. Kakol's Actions Violated Bankruptcy Rule 9011

█ The justifications *not* to sanction Debtors simply do not apply to Debtors'

attorney. Mr. Kakol may very well encounter the circumstances of this case again. Moreover, Mr. Kakol is charged with a duty of candor to this court, both by professional standards and by the rules of this court.

"The electronic filing of [a] document constitutes a representation and certification by the person filing the document (A) that each person whose signature is thus indicated on the document has signed it and (B) that, at the time of filing, the person filing the document electronically is in possession at the time of filing of an original document signed as indicated on the electronically filed document." BLR 5005–7(b)(3). By signing and filing the petition, which Kakol knew was signed by Mrs. Rice on behalf of Mr. Rice, Kakol certified under Rule 9011 that "counsel has seen the original power of attorney ... [and] the commencement of the case by the attorney in fact is within the authority granted under the power of attorney." *In re Hurt*, 234 B.R. at 3. However, Kakol clearly was *not* satisfied that the First POA granted Mrs. Rice the authority to file this case on her husband's behalf. He first declined to file the case, then insisted that Mr. Rice execute the Amended POA and sign the Schedules and other initial documents on his own behalf. Importantly, Kakol did not file the First POA with the petition, instead waiting until *after* Mr. Rice had executed the Amended POA to provide any notice to the court that the petition may not have been executed by Mr. Rice himself.

■ Kakol's actions do not represent the candor required of attorneys in this court. It is left to each attorney to fully disclose the circumstances relevant to a filing. In the context of powers of attorney, the minimum requirements outlined by the court in *In re Hurt* provide a roadmap: (1) the documents signed in a representative capacity must clearly reflect that representative capacity, (2) the power of attorney under which the attorney-in-fact is acting must be filed with the petition, (3) the attorney-in-fact should appear at the § 341 meeting of creditors ready to explain why it was necessary to commence the case under a power of attorney, and (4) counsel or the attorney-in-fact should take steps necessary to ensure the represented party is aware of the commencement of the case. 234 B.R. at 3.

## IV. The Chapter 13 Trustee's Actions Did Not Violate Rule 9011

■ On October 14, 2014, the Chapter 13 Trustee filed a supplemental pleading, recounting that Kakol believes the Chapter 13 Trustee's attorney made a misleading statement in her brief (Doc. No. 74) (the "Supplement"). The passage in question states,

> "The filing of a bankruptcy petition that has not been verified by the petitioner may be ratified only in extraordinary circumstances, and those circumstances should have been disclosed at the time the case was filed, on the face of the petition, and not three months after the filing of the case."

In the Supplement, Trustee declines to withdraw the statement, but attempts to clarify it. Trustee cites case law to support the propositions that the forgery of Mr. Rice's signature on the petition renders that petition a legal nullity, that Mr. Rice's ratification of the forged petition cannot save the case from dismissal absent extraordinary circumstances, and that immediate disclosure of the fact that a petition is filed by proxy is necessary to avoid dismissal. In response, Kakol argues that the cases cited by Trustee do not support the proposition that "The filing of a bankruptcy petition that has not been verified

by the petitioner may be ratified only in extraordinary circumstances."

Though this court disagrees with the conclusion reached by Trustee, the statement in question was not without basis. The court in *In re Brown*, 163 B.R. 596 (Bankr.N.D.Fla.1993) stated,

"The power of attorney does not expressly authorize the agent to file a bankruptcy petition, nor were there extraordinary circumstances involved at the time the power of attorney was executed from which such authorization could be implied. There is also no opportunity for the debtor to ratify the filing of the petition due to his subsequent death, nor should the impending death of a debtor be considered an extraordinary circumstance justifying the filing of a petition without his signature."

*Brown* might be interpreted to say (1) no extraordinary circumstances existed in that case from which consent to file bankruptcy could be implied, (2) the debtor had no opportunity to ratify the petition because he died, and (3) even if he could have ratified the petition, no extraordinary circumstances existed to justify ratification. In *In re Harrison*, 158 B.R. 246 (Bankr. M.D.Fla.1993), the court dismissed a petition over the debtor's objection because the petition was signed by a non-debtor, noting that no exigent circumstances existed to justify the debtor's petition filing by proxy. By discussing the lack of exigent circumstances in dismissing a petition over the objection of Debtor, *Harrison* might reasonably be read to require exigent circumstances to ratify a petition.

Trustee's argument need not be correct to satisfy Bankruptcy Rule 9011, which requires, in relevant part, that the argument is not presented for any improper purpose, and that the legal contentions are "warranted by existing law or a non-

frivolous argument for the extension, modification, or reversal of existing law of the establishment of new law." Trustee's brief does not run afoul of that standard. For the foregoing reasons, it is hereby

ORDERED that Trustee's Motion to Dismiss, as it relates to the initiation of this case under a power of attorney, is *denied*. It is further

ORDERED that Stanley Kakol shall, within 30 days from the date of entry of this order, obtain 6 hours of CLE credit in Ethics and Professionalism. On the 31st day after entry of this order, Kakol shall file a report certifying his compliance with the terms of this order.

The Clerk shall serve this order on Debtors, Debtors' attorney, and the Chapter 13 Trustee.

IT IS SO ORDERED.